MAIL PREPARATION AND STANDARDS


UNITED STATES
POSTAL SERVICE

March 13, 2000

Mr. George E. Miller, Esq.
Nonprofit Service Group
1250 24th Street, NW, Suite 400
Washington, D.C. 20037-1124

Dear Mr. Miller:

The appeal of the March 1, 1999, decision by the Northern Virginia Rates and Classification Service Center (RCSC) upholding the revenue deficiency of $3,223.580.99 assessed against Reese Brothers, Inc. (RBI) by the Manager, Business Mail Entry, Pittsburgh, PA on June 1, 1998, was forwarded to this office for review. For the reasons stated below, the classification determination issued by the RCSC is being upheld.

RBI, a for-profit entity, is not authorized to mail at the Nonprofit Standard Mail (A) rates. RBI has used the Nonprofit Standard Mail (A) rate for its mailings in cooperation with various authorized nonprofit organizations. Generally, when a nonprofit and a for-profit organization enter into a cooperative business venture, mail generated by the cooperative business venture is not eligible for Nonprofit Standard Mail (A) rates.

The postal term "cooperative mailing" refers to mailings made at the Nonprofit Standard Mail (A) rates in which one or more of the parties "cooperate" with the authorized nonprofit organization. A cooperative mailing is defined as a mailing produced by an authorized organization that "cooperates" with one or more organizations to share the cost, risk, or benefit of the mailing. Under Section E670.5.1, *Domestic Mail Manual* (DMM), an organization that is authorized to mail at the Nonprofit Standard Mail (A) rates may only mail its own matter at those rates, and the organization may not delegate or lend the use of its authorization to mail at those rates to any other person or organization. For that reason, cooperative mailings that are made on behalf of or produced for any organization that is not itself authorized to mail at the Nonprofit Standard Mail rates, must be paid at the applicable rates.

Some of the crucial elements the Postal Service uses to analyze cooperative mail ventures are allocation of risk, division of profits and management control. Other factors we consider include identities of the parties who devised, designed, prepared and paid for the mailpiece, and the parties who directly or indirectly paid postage on the mailings. We must also consider how each cooperating party is compensated, how the profits and revenues are divided and the risks associated with the enterprise supported by the mailing are shared.

The contracts RBI provided relating to the postage deficiency bear evidence of the type of cooperative venture that is not authorized to mail at Nonprofit Standard Mail (A) rates. This is especially true when considering the allocation of risk and division of profits and management control between the parties. Each contract contains some form of "break-even guaranty," meaning RBI receives payment from its nonprofit clients only if its fundraising efforts on their behalf are successful. This is the essence of the type of cooperative venture that cannot enter its matter at the Nonprofit Standard Mail rate.

The March 1, 1999, decision letter issued by the RCSC addressed various issues raised on appeal. I concur with those responses and believe they were fully and accurately explained.

This classification determination affords the process required by law, the same which is afforded to all similarly situated mailers. That law is set forth in DMM P011.5.0 (copy enclosed). This determination does not violate RBI's First Amendment rights. The Postal Service has never denied RBI access to the mailstream. It is being assessed the lawful rate for mail entered by its cooperative business ventures, the same rate charged all other similarly situated mailers. RBI's arguments regarding state law restrictions governing telemarketing and the lack of extraneous products contained in the mailpiece are not relevant to the Postal Service's determination of the mail classification issue that is the basis of the revenue deficiency assessed against it. Also, as RBI was advised, we are not aware of an established policy of the USPS that allows vendors, in certain circumstances, to share or absorb risk.

RBI also argued that the assessment is improper since it covers a period of time in excess of two years in violation of USPS policy, and is barred by the doctrines of laches and estoppel. RBI was advised that the collection of this revenue deficiency is governed by the June 16, 1989, USPS Management Instruction, "Collecting Revenue Deficiencies," which does not specify a time period limitation. RBI alleges this revenue deficiency is incorrect because it is based on calculations using postal rates that are "incorrect as a matter of fact," but does not specify which rates are incorrect. Based on the evidence submitted, there is nothing to support RBI's contention that the deficiency amount was not calculated correctly. This is the final agency decision on each of these issues.

As information, the Postal Service is clarifying its revenue assurance policies, including the procedures for assessment and collection of revenue deficiencies. The decision of this office is limited solely to consideration of the assessment; i.e., whether the mail classification ruling underlying the deficiency and calculation of the amount by which postage/fees have been underpaid are correct. Any final assessment is then referred to the district finance manager for a determination of the amount that should be collected.

In accordance with the procedures discussed above, by copy of this letter, I am referring this matter to George Lippert, District Finance Manager, Pittsburgh District, 1001 California Avenue, Pittsburgh, PA 15290-9995 for a decision concerning the amount of the assessment that should be collected. Please direct inquiries concerning the assessment to Mr. Lippert at 215-895-9050.

Sincerely,

Sherry Suggs
Manager

cc: Kathy Ainsworth, Allegheny Area Finance Manager
George Lippert, Pittsburgh District Finance Manager
Manager, Northern Virginia RCSC
Donald Shellenberger, U.S. Postal Inspection Service
Christine M. Taylor, Law Department
Manager, Business Mail Entry, Pittsburgh, PA
RCSC Managers

PPD:MPS:EStein:14448 Reese Brothers, Inc.