# *Nonprofit Service Group*

Suite 400
1250 24th Street, N.W.
Washington, D.C. 20037

202/466-6620
Fax 202/223-2775

George E. Miller, Esq.  
Carolyn A. Emigh, Esq.  
Janice L. Anderson, Esq.

Grant A. Wills, CPA  
Keith E. Negrin

November 1, 1999

Mr. Scott Hamel
General Manager
Northern Virginia Rates and Classification
   Service Center
United States Postal Service
5904 Richmond Highway, Suite 500
Alexandria, VA 22303-2736

       Re:   <u>Appeal From Decision Affirming Revenue Deficiency Assessment Against Reese Brothers ("RB")</u>

Dear Mr. Hamel:

    While analyzing the material that the Postal Service has submitted to us in order to prepare the appeal from the decision of the RCSC, several questions have come to mind to which we need answers in order to proceed. Moreover, we need additional data in order to respond fully.

    (1)   <u>"Unidentified" mailings</u>

    Apparently, the Postal Service discovered mailings that RB caused to be entered into the mail stream in Pittsburgh ". . . which are not otherwise identified as pertaining to any nonprofit organization." USPS Compilation, "Enclosure A," at 27. The deficiency claimed relative to this grouping totals $37,970.52. (Exhibit A)

    We would greatly appreciate a set of the mail statements that produced that deficiency amount in order to determine to which client account each such mailing rightfully belongs. RB is quite certain that it did not knowingly enter mail for an unauthorized entity at the Nonprofit Standard A rate.

(2)   "Note 1:"   Questions and Request for Data

The deficiency that the Postal Service has assessed against RB for a number of the mailings that it prepared for its nonprofit clients ". . . is based on an average postage payment per piece . . ."  Note 1, "Enclosure A," at 40.   (Exhibit B)

(a)   We would very much like to understand how the Postal Service computed each "average postage payment per piece" that it used in order to compute the deficiency by client.  Id.  Please describe each computation in sufficient detail so that we could replicate the Postal Service's results.

(b)   Also with respect to each client, the deficiency for which the Postal Service computed pursuant to Note 1, please show how the Postal Service computed the postage that it claims each client should have paid at the comparable commercial Standard A rate.

(c)   Please transmit a copy of each mail statement by client for each claimed deficiency referenced by Note 1.

The RCSC has imposed an extremely tight deadline on RB to respond to the RCSC's arguments, and further the RCSC has precluded any possibility to extend that deadline.  Although we understand the reasons why the RCSC adopted those onerous procedures, it doesn't make it any easier to prepare the appeal.  Given these immutable procedures, we respectfully urge you to supply the requested data and documents and respond to the specific questions set forth above with alacrity.

Thank you for your understanding of the current situation and for your willingness to work with us.

Sincerely,

George E. Miller
George E. Miller

cc:   Ralph Reese
      Errol Copilevitz

# *Nonprofit Service Group*
Suite 400
1250 24th Street, N.W.
Washington, D.C. 20037

202/466-6620
Fax 202/223-2775

George E. Miller, Esq.  
Carolyn A. Emigh, Esq.  
Janice L. Anderson, Esq.

Grant A. Wills, CPA  
Keith E. Negrin

November 5, 1999

Mr. Scott Hamel  
General Manager  
Northern Virginia Rates and Classification  
  Service Center  
United States Postal Service  
5904 Richmond Highway, Suite 500  
Alexandria, VA 22303-2736

      Re: <u>Appeal From Decision Affirming Revenue Deficiency Assessment Against Reese Brothers ("RB")</u>

Dear Mr. Hamel:

    In our efforts to prepare the appeal from the decision of the RCSC affirming the revenue deficiency assessment against RB, we would like to obtain copies of the mail statements that were used by the Postal Service to calculate the postage deficiency for the following four organizations:

    1. Trustmark

    2. American Forest

    3. Alumni Phon-A-Thon

    4. AAIM

    Given the extremely short time frame that we have to complete this appeal, we would appreciate it if you could possibly expedite this request. For example, RB can't believe that Trustmark was mailed at the Nonprofit Standard (A) rate. The mail piece indicia shows "Bulk Rate." We need to see the actual mail statement to be able to resolve this issue. It appears that the

mail piece was properly prepared, and RB is at a loss to know how it could have been accepted at the nonprofit mail rate. There are similar problems with the other three organizations that only the mail statement can possibly clear up.

   Again, we appreciate your understanding and willingness to work with us on this matter.

                        Sincerely,


                        George E. Miller