# *Nonprofit Service Group*
Suite 400
1250 24th Street, N.W.
Washington, D.C. 20037

202/466-6620
Fax 202/223-2775

George E. Miller, Esq.  
Carolyn A. Emigh, Esq.  
Janice L. Anderson, Esq.

Grant A. Wills, CPA  
Keith E. Negrin

January 21, 2000

Mr. Phillip C. Bohall
United States Postal Service
Northern Virginia Rates and Classification
  Service Center
5904 Richmond Highway, Suite 500
Alexandria, Virginia 22303-2736

Re: Appeal From Decision Affirming Revenue Deficiency Assessment Against Reese Brothers ("RB")

Dear Mr. Bohall:

On December 21, 1999, I transmitted documentary evidence to you to establish that the Postal Service did grant additional entry authorizations to six former RB client organizations. These six are among the twenty-six RB clients for which you were unable to locate additional entry authorizations after you searched Postal Service records. I recall your vivid description of the lengths that you personally went to, using your extensive knowledge of USPS procedures, files, and databases, in order to try to locate these records.

The purpose of this letter is to clear up another instance of a missing additional entry authorization and to request clarification of data on "Enclosure A" which you transmitted to us early last summer. In addition, we respectfully request a report as to the status of our previous requests.

A. Prevent Child Abuse: Greater Philadelphia Chapter

Of the twenty chapters of The National Committee To Prevent Child Abuse that you listed on Enclosure A at 18, we now have located additional entry authorizations for seventeen chapters

thanks to your efforts and RB's. At this time, we can clear up the eighteenth.

In the second column on page 18 of Enclosure A, the fourth entry reads: "Committee For Prevention Of Child Abuse Of Greater Philadelphia [and] Child Abuse Prevention Committee of Greater Philadelphia." The street number and name is: "117 South 17th Street Suite 608." Under the address, Enclosure A indicates that you were unable to find a record in the Postal Service files of either the original or additional entry authorizations.

In piecing together documents that you transmitted to us and that RB found as a result of its continuing search of its files, I think that I now understand why the Postal Service would not have such records. There are two reasons: First, the Greater Philadelphia chapter moved after the Postal Service granted original and additional entry authorization. Second, the chapter refers to its own name inconsistently.

The chapter applied for and the Postal Service granted original entry authorization on January 30, 1986 under the name: "The National Committee For Prevention Of Child Abuse." See Exhibit I. On January 3, 1989, Ms. Beth McDaid, Acting Director, requested additional entry authorization at Pittsburgh. (Exhibit II) On the official PS Form 3623 that she signed, the preparer typed in the name of the permit holder as "National Committee for Prevention of Child Abuse."

Attached to the official PS Form 3623 was a cover letter that Ms. McDaid also signed. See Exhibit III. When you read the letterhead, you'll see that by 1989 the chapter went by a slightly different name: "The Greater Philadelphia Chapter of the National Committee for Prevention of Child Abuse." That name more closely matches the name for which you searched the Postal Service's files unsuccessfully. The addresses on all three exhibits are identical: 1518 Walnut Street, Suite 907, Philadelphia, PA 19102.

Note the further minor changes in the chapter's name and its new address in the contract that you transmitted to us at 54 389 in the contract binders as follows:

> The Committee for Prevention of Child Abuse
> of Greater Philadelphia
> 117 South 17th Street, Suite 608
> Philadelphia, Pennsylvania 19103

That agreement was dated September 26, 1990.

Three addenda follow the September, 1990 agreement. Each addendum notes that ". . . the parties agree that the Committee for Prevention of Child Abuse of Greater Philadelphia shall hereafter be known as Child Abuse Prevention Committee of Greater Philadelphia . . .." At 54 394-396. The Addendum at 54 400 states even more clearly that the chapter changed its name.

By the time that the chapter requested authorization to enter mail at Pittsburgh (1989), these documents show that the chapter was going by a name that was slightly different (letterhead, Exhibit III) than the name on its original application for authorization (1986, Exhibit I). By the time of the contracts and addenda (1990-93), the chapter had condensed its name further relative to its 1989 letterhead.

This leaves only two missing permits for Prevent Child Abuse chapters, namely the chapters in North Carolina and Virginia. These appear to have a similar explanation, but we are trying to obtain official documents and will transmit those under separate cover as soon as possible.

B. Request for Clarification of Vicksburg, MS Salvation Army Corps

On Enclosure A at 21 is a list of the thirty Salvation Army units for which the Postal Service has mail statements. In column 3, the fourth entry is "SA Vicksburg Corps (Ms)." Under "Original Entry Permit," you listed two numbers: "0645545  0563896." Under the rubric, "Pittsburgh Permit," Enclosure A indicates that the Postal Service doesn't have any record.

This suggests that the Postal Service granted two different original entry permits to one organization. Is that reading correct? If so, how do you explain that?

Another possibility is that the second number is for the additional entry authorization at Pittsburgh. Before RB spends more money to track down documents to transmit to the Postal Service in order to update or correct its database, we would appreciate clarification of the two numbers for the Vicksburg Corps' original authorization to enter mail at the nonprofit rate.

- 4 -

C. <u>Request for Report on Status of Earlier Document Requests</u>

In an effort to reduce the amount of writing it takes to identify our earlier requests for relevant information, Table I below summarizes the information requested and the date of the request.

**Table I**

<u>USPS Revenue Deficiency Assessment Against RB:
Requests for Documents to NOVA RCSC</u>

| Request for: | Dates of Requests | Date of Response |
|---|---|---|
| 1. "Unidentified" mail statements for which NOVA asserted a deficiency of $37,970.52 Enclosure A at 27 | Nov. 1, 1999<br>Nov. 19, 1999<br>Dec. 21, 1999 | no response as of Jan. 21, 2000 |
| 2. Mail statements for Trustmark, American Forest, Alumni Phon-A-Thon, AAIM | Nov. 5, 1999<br>Nov. 19, 1999<br>Dec. 21, 1999 | no response as of Jan. 21, 2000 |
| 3. Review of documentary evidence as to 6 of the Pittsburgh entry permits missing from USPS database | Dec. 21, 1999 | no response as of Jan. 21, 2000 |

First, we justified our requests for these documents on the grounds of fairness to the appellant while it prepared its appeal. Having failed to achieve that objective, we justified our renewed request on the grounds of fairness to the appellant to prepare a supplement to the initial appeal to address the specific deficiencies represented by the mail statements listed above.

Then we justified our further request on the grounds of fairness to all postal ratepayers and taxpayers. To try to narrow the scope of disagreement saves money for the Postal Service, hence all postal ratepayers. If we resolve as many issues as soon

as possible at the administrative stage of this proceeding, it reduces the issues that would otherwise have to be litigated. That saves money for everyone who pays federal income tax.

Although RB has yet to pay any of the alleged postage deficiency, the deficiency claim has cost RB and its employees much lost business. While you may not feel any sympathy for an entrepreneur that has lost clients as a result of the rulings from which RB is appealing, the loss of jobs has been painful for former RB workers and their families in the greater Pittsburgh area. In an effort to save remaining jobs, we urge you to work with us to resolve as many issues in this case as quickly as possible.

                              Sincerely,

                              George E. Miller

Enclosures