## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REESE BROTHERS, INC.,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No.  06-0434 (RMU)** |
| **UNITED STATES POSTAL SERVICE,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |
| _____ ) | |

### ANSWER AND AFFIRMATIVE DEFENSES

Plaintiff, Reese Brothers, Inc. ("Reese") has petitioned the Court for judicial review of a final agency decision against Reese.  Defendant, the United States Postal Service ("Postal Service" or "USPS"), hereby answers Plaintiff's Complaint as follows:

### First Defense

Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) with respect to each claim except for the review of the Postal Service's final agency decision.

### Second Defense

To the extent that Plaintiff's Complaint alleges constitutional tort violations, this Court lacks jurisdiction.

### Third Defense

To the extent the Plaintiff's Complaint alleges causes of action sounding in tort, the statute of limitations has run.

### Fourth Defense

To the extent the Plaintiff's Complaint alleges causes of action sounding in tort, the Plaintiff has failed to exhaust administrative remedies.

<u>**ANSWER**</u>

In response to the numbered paragraphs of the Complaint, Defendant responds as follows:

1.      Admits.

2.      The Postal Service admits the allegations contained in paragraph 2 of the Complaint, but avers that the Postal Service is an independent establishment of the executive branch of the government. *See* 39 U.S.C. § 201.

3.      As to the third paragraph of Plaintiff's Complaint, the Postal Service admits the Court has jurisdiction to determine whether the Postal Service exceeded its authority in assessing the revenue deficiencies at issue in this proceeding.  The Postal Service denies that the Court has jurisdiction to consider the remainder of Reese's claims as they relate to the consequences of the Postal Service's assessment of the revenue deficiencies.  The Postal Service avers that Reese has failed to establish a jurisdictional basis for the Court to consider such claims.

4.      The allegations contained in paragraph 4 of the Complaint contain conclusions of law to which no response is required and so denies.  To the extent a reply is necessary the Postal Service avers that there is no constitutional infirmity with the cooperative mail rule and denies any allegation that it has improperly applied the cooperative mail rule to the mailings at issue in this matter.

5.      The allegations contained in paragraph 5 contain conclusions of law to which no reply is necessary and so denies.   To the extent a reply is necessary the Postal Service denies that it has improperly applied the cooperative mail rule to the mailings at issue in this matter.

6.      The allegations contained in paragraph 6 contain conclusions of law to which no reply is necessary and so denies.  To the extent a reply is necessary the Postal Service denies the allegations in the paragraph because they misstate the genesis, basis and nature of the cooperative mail rule.

7.      The allegations in paragraph 7 contain conclusions of law to which no reply is

2

necessary and so denies. To the degree a reply is necessary the Postal Service denies the paragraph because it misstates the genesis, basis and nature of the cooperative mail rule.

8.    The allegations in paragraph 8 contain conclusions of law to which no reply is necessary and so denies. To the degree a reply is necessary the Postal Service denies the paragraph because it misstates the genesis, basis and nature of the cooperative mail rule.

9.    The Postal service admits that Reese was a Pennsylvania corporation, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph concerning the current and past status of Reese and so denies. The Postal Service avers, on information and belief, that Reese Teleservices, Inc. ("Reese Teleservices"), acquired Reese in December 2002, and continues the operations of Reese including its telemarketing fund raising for nonprofit organizations. In addition, on information and belief, The Resources Group ("TRG Holdings, LLC"), acquired a controlling interest in Reese Teleservices on or about April, 2005.

10.    The Postal Service is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and so denies, but avers that all of the mailings at issue were based on contracts that caused the mailings to violate the cooperative mail rule and thus the mailings were ineligible for the Nonprofit Standard Mail rates (hereafter "nonprofit rates").

11.    The Postal Service is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and so denies, but avers that all of the mailings at issue were based on contracts that caused the mailings to violate the cooperative mail rule and thus the mailings were ineligible for the nonprofit rates.

12.    The Postal Service is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and so denies. To the extent that the second

3

sentence of the paragraph refers to contracts, the contracts are the best evidence of their contents. The Postal Service denies paragraph 12 insofar as it is inconsistent therewith.

13.    As to the first sentence in paragraph 13, the Postal Service admits that Reese mailed millions of pieces of mail at the nonprofit rates between January 1, 1993 and June 1, 1998.  The Postal Service is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations in the second sentence of the paragraph and so denies.  As to the third sentence of the paragraph, the Postal Service avers that it did not knowingly accept ineligible cooperative mailings at the nonprofit rate.  With respect to the fourth sentence of the paragraph, the Postal Service denies that it did not apply the cooperative mail rule to mailings before 1998.  As to the fifth sentence, the sentence refers to unspecified state statutes and calls for conclusions of law regarding those statutes so no reply is required; to the the degree a reply is required the sentence is denied.

14.    The Postal Service admits that the document referenced in paragraph 14, and attached as Tab A of the Complaint, is a copy of the June 1, 1998 letter, which is the best evidence of its contents.  The Postal Service denies paragraph 14 insofar as it is inconsistent therewith.

15.    Paragraph 15 refers to a document, attached at Tab A of the Complaint, which is the best evidence of its contents.  The Postal Service denies paragraph 15 insofar as it is inconsistent therewith.

16.    Paragraph 16 refers to a document, attached at Tab A of the Complaint, which is the best evidence of its contents.  The Postal Service denies paragraph 16 insofar as it is inconsistent therewith.

17.    To the extent Paragraph 17 refers to a document, which is attached at Tab A of the Complaint, that document is the best evidence of its contents.  The Postal Service denies paragraph 17 insofar as it is inconsistent therewith.

4

18.     The Postal Service is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.  The Postal Service avers that the paragraph appears to state on its face that Reese has received the requested documents.

19.     The Postal Service is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's intent in requesting copies of the postage statements (referred to by Reese as "postage receipts") and so denies.  The Postal Service avers that it did respond to Reese on November 9, 1999 by letter.  An unsigned copy of the November 9, 1999 letter is attached to Defendant's Answer and Affirmative Defenses as Exhibit 1.  The Postal Service is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the effect of the Postal Service's conduct on Plaintiff.  To the extent Paragraph 19 refers to documents, the documents are the best evidence of their contents.  The Postal Service denies paragraph 19 insofar as it is inconsistent with the referenced documents.

20.     The allegations in paragraph 20 constitute Plaintiff's characterization of and a quotation from a letter dated August 20, 1998 from the Postal Service to Plaintiff.  The Postal Service admits that there exists a letter dated August 20, 1998 from the Postal Service to Plaintiff and respectfully refers the Court to the entirety of the letter which is the best evidence of its contents, and denies this paragraph insofar as the paragraph is inconsistent therewith.

21.     The Postal Service lacks knowledge or information sufficient to form a belief as to the truth as to the allegations in paragraph 21 regarding Plaintiff's intent and so denies, but avers that Reese pursued an administrative appeal and, that at each stage of the appeal process, the revenue deficiencies were upheld.

22.     The allegations in paragraph 22 constitute Plaintiff's characterization of a letter dated August 27, 1998 from Plaintiff to the Postal Service.  The Postal Service admits that there exists a letter dated August 27, 1998 from Plaintiff to the Postal Service and respectfully refers

the Court to the entirety of the letter which is the best evidence of its contents, and denies this paragraph insofar as the paragraph is inconsistent therewith.

23.    The allegations in paragraph 23 constitute Plaintiff's characterization of a letter dated October 21, 1998, purportedly from Plaintiff to the Postal Service. The Postal Service has not located a copy of the letter in its files so it does not have information sufficient to admit or deny the receipt of the letter. As to the contents of the document, the Postal Service respectfully refers the Court to the entirety of the document which is the best evidence of its contents, and denies this paragraph insofar as the paragraph is inconsistent therewith. Further, the Postal Service avers that the letter attached by Plaintiff at Tab M does not appear to be a true copy of the purported letter unless the letter was sent without a signature.

24.    The allegations in paragraph 24 constitute Plaintiff's characterization of and a quotation from a letter dated March 1, 1999, from the Northern Virginia Rates and Classification Service Center to Plaintiff. The Postal Service admits that there exists a letter dated March 1, 1999 from the Northern Virginia Rates and Classification Service Center to Plaintiff and respectfully refers the Court to the entirety of the letter which is the best evidence of its contents, and denies this paragraph insofar as the paragraph is inconsistent therewith.

25.    The allegations in paragraph 25 constitute Plaintiff's characterization of an administrative appeal that Plaintiff filed on November 19, 1999. The Postal Service admits that it received the November 19, 1999 document from Plaintiff and respectfully refers the Court to the entirety of the filing which is the best evidence of its contents, and denies this paragraph insofar as the paragraph is inconsistent therewith.

26.    The allegations in paragraph 26 constitute Plaintiff's characterization of and quotation from a letter from the Postal Service to Plaintiff dated March 13, 2000. The Postal Service avers that the March 13, 2000 letter constitutes the final agency decision regarding Reese's violation of the cooperative mail rule with respect to the mailings at issue in this matter.

The Postal Service admits that there exists a letter dated March 13, 2000 from the Postal Service to Plaintiff, and respectfully refers the Court to the entirety of the letter which is the best evidence of its contents, and denies this paragraph insofar as the paragraph is inconsistent therewith.

27.     The allegations in paragraph 27 constitute Plaintiff's characterization of the content of a letter dated March 13, 2000 from the Postal Service to Plaintiff.  The Postal Service admits that there exists a letter dated March 13, 2000 from the Postal Service to Plaintiff, and respectfully refers the Court to the entirety of the letter which is the best evidence of its contents, and denies this paragraph insofar as the paragraph is inconsistent therewith.

28.     The Postal Service denies paragraph 28 except that it admits that it did not reduce Reese's revenue deficiency on March 17, 2000.   To the extent that paragraph 28 refers to a document, the Postal Service avers that the document is the best evidence of its contents, and denies this paragraph insofar as the paragraph is inconsistent therewith.

29.     The Postal Service lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding the "protest."  As to the second sentence, the Postal Service admits that Plaintiff submitted a memorandum to the Postal Service on April 28, 2000, but avers that the document is the best evidence of its contents and denies this paragraph insofar as the paragraph is inconsistent therewith.  As to the third sentence, the Postal Service admits that a letter dated March 17, 2000 (and attached to the Complaint as Tab G) and a letter dated February 15, 2001 (and attached to the Complaint as Tab I) were issued by the same individual but denies the allegation in the sentence to the degree they are inconsistent with the documents.  The Postal Service denies the fourth sentence, but avers that, in an effort to reach a resolution, the Postal Service offered to accept $1,646,277.95 in payment of the revenue deficiency.  The offer was of limited duration and has now expired..

30.     The allegations in paragraph 30 constitute Plaintiff's characterization of a letter

dated March 7, 2001, from Plaintiff to the Postal Service.  The Postal Service admits that there exists a letter dated March 7, 2001 from Plaintiff to the Postal Service, and respectfully refers the Court to the entirety of the letter which is the best evidence of its contents, and denies this paragraph insofar as the paragraph is inconsistent therewith.  As to the second sentence of the paragraph, the Postal Service admits that it did not, and avers that it had no obligation to, respond to Plaintiff's request.   To the extent the paragraph contains allegations that the Postal Services decisions were arbitrary or capricious, or in any other way inappropriate, the allegations are denied.

31.    The Postal Service denies the first sentence of paragraph 31, but avers that modifications to the regulations pertaining to the cooperative mailing rule were promulgated on October 9, 2003.  As to the second sentence of paragraph 31, the sentence constitutes Plaintiff's characterization of the regulation through quotation.  The Postal Service respectfully refers the Court to the entirety of the Federal Register notice which is the best evidence of its contents, and denies the second sentence and the entire paragraph insofar as the paragraph is inconsistent with the Federal Register notice.  To the extent the paragraph contains allegations that the Postal Service acted in an inappropriate manner, the allegations are denied.  The Postal Services admits the third and fourth sentences of the paragraph.

32.    To the extent the allegations in the first sentence constitute a counterfactual no reply is necessary.  To the degree a reply is necessary, the Postal Service denies the allegations in the first sentence of paragraph 32 for lack of information sufficient to form a belief as to their truth or falsity, but avers that the Plaintiff did request a reconsideration of the Postal Service's decision.  To the extent that the second sentence of the paragraph refers to a document, the Postal Service avers that the document is the best evidence of its contents.  The Postal Service admits the third sentence of the paragraph.

33.     The Postal Service lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 33 and so denies, but avers that the Plaintiff did attempt to negotiate with the Postal Service.  The Postal Service also denies that there was any agreement between the Postal Service and Plaintiff.

34.     The Postal Service lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and so denies.  To the degree the paragraph alleges that the Postal Service inappropriately applied the cooperative mail rule, the allegations are denied.

35.     The Postal Service lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and so denies.  To the degree the paragraph alleges that the Postal Service inappropriately applied the cooperative mail rule, the allegations are denied.

36.     To the extent that the first and second sentences of paragraph 36 refer to documents, the documents are the best evidence of their contents.  The Postal Service denies the first and second sentences of paragraph 36 insofar as they are inconsistent with the documents.  Further, to the extent the paragraph alleges that the Postal Service inappropriately applied the cooperative mail rule and took no action based on the referenced letter, the allegations are denied.

## Causes of Action

37.     The Postal Service's responses to the allegations in paragraphs 1 though 36 of the Complaint are incorporated herein by reference.  Plaintiff's paragraph 37 does not require a response.

38.     Paragraph 38 contains conclusions of law to which no response is required.  To the extent a reply is necessary the Postal Service maintains it has properly applied the cooperative

mail rule.

39: Paragraph 39 contains an argument regarding the constitutionality of the cooperative mail rule to which no answer is required. To the extent an answer is required, the paragraph is denied.

40.     Paragraph 40 contains an argument regarding the constitutionality of the cooperative mail rule to which no answer is required. To the extent an answer is required, the paragraph is denied.

41.     Paragraph 41 contains an argument regarding the constitutionality of the cooperative mail rule to which no answer is required. To the extent an answer is required, the paragraph is denied.

42.     Paragraph 42 contains an argument regarding the constitutionality of the application of the cooperative mail rule to mailings entered by Reese to which no answer is required. To the extent an answer is required, the paragraph is denied.

43.     Paragraph 43 contains an argument regarding the constitutionality of the cooperative mail rule to which no answer is required. To the extent an answer is required, the paragraph is denied.

44.     Paragraph 44 contains an argument regarding the constitutionality of the cooperative mail rule to which no answer is required. To the extent an answer is required, the paragraph is denied.

45.     Paragraph 45 contains an argument regarding the constitutionality of the cooperative mail rule to which no answer is required. To the extent an answer is required, the paragraph is denied.

46.     Paragraph 46 contains an argument regarding the constitutionality of the cooperative mail rule to which no answer is required. To the extent an answer is required, the paragraph is denied.

47.     Paragraph 47 contains an argument regarding the constitutionality of the cooperative mail rule to which no answer is required.  To the extent an answer is required, the paragraph is denied.

48.     Paragraph 48 contains an argument regarding the constitutionality of the cooperative mail rule to which no answer is required.  To the extent an answer is required, the paragraph is denied.

49.     Paragraph 49 contains an argument regarding the Postal Service's authority to apply the cooperative mail rule to the Reese mailings to which no answer is required.  To the extent an answer is required, the paragraph is denied.

50.     Paragraph 50 contains an argument regarding the intent of Congress in passing legislation to which no answer is required.   To the extent an answer is required, the paragraph is denied.

51.     Paragraph 51 contains a conclusion of law regarding the Postal Service's final agency decision concerning the application of the cooperative mail rule to the Reese mailings to which no answer is required.  To the extent an answer is required, the paragraph is denied.

52.     Paragraph 52 contains a conclusion of law regarding the Postal Service's final agency decision concerning the application of the cooperative mail rule to the Reese mailings to which no answer is required.  To the extent an answer is required, the paragraph is denied.

53.     Paragraph 53 contains a conclusion of law regarding the Postal Service's final agency decision concerning the application of the cooperative mail rule to the Reese mailings to which no answer is required.  To the extent an answer is required, the paragraph is denied.

54.     Paragraph 54 contains a conclusion of law regarding the Postal Service's final agency decision concerning the application of the cooperative mail rule to the Reese mailings to which no answer is required.  To the extent an answer is required, the paragraph is denied.

55.     Paragraph 55 contains a conclusion of law regarding the assessment of a revenue

deficiency to the Reese mailings to which no answer is required.  To the extent an answer is required, the paragraph is denied.

### Prayer for Relief

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, the Postal Service denies that Plaintiff is entitled to any relief whatsoever from the Postal Service.  The Postal Service hereby specifically denies all allegations of the Complaint not expressly admitted in this Answer.

WHEREFORE, Defendant request that the Court enter judgment:

a.    Dismissing the Complaint against Defendant with prejudice; and

b.    Awarding Defendant such other and further relief as the Court seems just, equitable and proper.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney
District of Columbia

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C.  20005
202-514-6531

12

Of Counsel:

Harold Durham
Attorney
United States Postal Service
475 L'Enfant Plaza, S.W.
Washington, D.C.  20260-1127

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of June, 2006, I caused the foregoing to be served

first class mail, postage prepaid, addressed as follows:


Charles H. Nave Esq.
Charles H. Nave, P.C.
1225 Third Street, S.W.
Roanoke, Virginia 24016


                              /s/
                              _____
                              MARIAN L. BORUM
                              Assistant United States Attorney

14