IN THE UNITED STATES DISTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Reese Brothers, Inc.<br>PLAINTIFF,<br><br>v.<br><br>United States Postal Service<br>DEFENDANT. | Civil Action No. 06-CV-00434 (RMU) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S
FIRST MOTION FOR EXTENSION OF TIME TO FILE COUNTERCLAIM**

COMES NOW the Plaintiff, by and through the undersigned counsel, pursuant to Civil Rule of the United States District Court for the District of Columbia 7(b) and submits its opposition to Defendant's First Motion for Extension of Time to File Counterclaim (hereinafter, the "Motion").

Defendant's Motion should be denied for three reasons.

First, the Motion was not timely filed. Paragraph 5(a) of the Court's Standing Order for Civil Cases entered on May 10, 2006 (Docket #7) (hereinafter, the "Standing Order") clearly states that "the court strongly discourages the filing of motions for extensions of time. When good cause is present, however, the court will consider motions for extension of time that: (a) are filed at least 4 business days prior to the deadline the motion is seeking to extend." Despite this clear warning given 35 days before the deadline, Defendant chose to wait until the day of the deadline to file its Motion.  The Standing Order does not provide for an exception to the deadline requirement of ¶5(a), not even an exception for good cause.  Therefore, Defendant's

claim that it is aware of the deadline but that "defendant has timely filed its Answer" is irrelevant.

Second, even if the Motion was timely filed, Defendant has failed to show any "good cause" sufficient to merit granting the Motion. The Motion indicates that "additional time is need [*sic*] to permit review and authorization by the appropriate parties" which made delay "unavoidable." Defendant does not specify the identity of the "appropriate parties," the nature of the "review and authorization" necessary, or when these requirements were imposed. Presumably, these requirements are imposed by internal regulations and/or procedures of the United States Attorney's Office, of the United States Postal Service, or of both. If so, it is exceedingly likely that these regulations and/or procedures were in place long before the Complaint was filed and Defendant would have had at least constructive notice of their existence and implications as well as sufficient time to accommodate them. This hardly constitutes "good cause," especially not for a motion for an enlargement of time filed on the day of the deadline, rather than being timely filed four business days prior.

Third, Defendant has had more than ample time to prepare and timely file a counterclaim. Originally, Defendant's Answer was due on May 15, 2006 after being served with the Complaint on March 9, 2006. Plaintiff's counsel consented to Defendant's request for an extension of time until June 14, 2006 to file its Answer. Thus, Defendant has already had 97 days to prepare any counterclaim that it may wish to file in this case. In point of fact, Defendant has had even *more* notice. As the Complaint makes clear, this case began when Defendant assessed a postal deficiency against Plaintiff on June 1, 1998. Since that time the parties have exchanged letters, spoken over the telephone, conferred in person, and have litigated the case through the appropriate administrative review process. This case cannot come as a surprise to the United

States Postal Service. Moreover, as part of settlement negotiations, Defendant was provided with a draft complaint, materially identical in all significant respects to the Complaint as filed, on February 26, 2004 – nearly twenty-eight months ago. (See Exhibit A) It is difficult to conceive of a defendant who has had more time and notice to prepare a counterclaim.

    The Motion was not timely filed, Defendant failed to demonstrate the requisite good cause, and, most importantly, Defendant has already had ample time to prepare a counterclaim. The motion should be denied.

Respectfully submitted,

/s/                                                   .
Charles H. Nave, Esq.
Charles H. Nave, P.C.
1225 Third Street SW
Roanoke, VA 24016
D.C. Bar #484501
Tel: 540 345 8848
Fax: 540 345 8849
Email: charlie@nave-law.com
Counsel for Plaintiff

IN THE UNITED STATES DISTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Reese Brothers, Inc.<br>    PLAINTIFF,<br><br>    v.<br><br>United States Postal Service<br>    DEFENDANT. | Civil Action No. 06-CV-00434 (RMU) |

### **ORDER**

UPON CONSIDERATION of Defendant's First Motion for Extension of Time to File Counterclaim, other relevant filings and papers, and the respective merits thereof, it is hereby ORDERED that the motion is DENIED.

_____
RICARDO M. URBINA
United States District Judge