UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| REESE BROTHERS, INC., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-434 (RMU) |
| | : | | |
| v. | : | Document No.: | 9 |
| | : | | |
| UNITED STATES POSTAL SERVICE, | : | | |
| | : | | |
| Defendant. | : | | |

## ORDER

### GRANTING THE DEFENDANT'S MOTION FOR EXTENSION OF TIME

On June 14, 2006, the defendant filed a motion for extension of time to file a counterclaim in this case. This defendant filed this motion out of time because it was filed within four days prior to the deadline. Civil Standing Order (May 10, 2006). The defendant first needed to obtain leave of the court to late file its motion for an extension of time. For this reason, among others, the plaintiff opposed the defendant's motion. Pl.'s Opp'n.

The plaintiff's opposition identifies no prejudice resulting from the brief delay sought by the defendant. At this early stage in the litigation, it is in the interests of justice for the court to grant the defendant's motion for an extension of time to file its counterclaim. The sequence of events culminating in this order, however, shall serve as the model for the parties of how not to proceed before this court for the remainder of this litigation.

The defendant's failure to timely file its counterclaim, failure to timely file its motion for extension of time, and failure to seek leave to file its motion for extension of time is disappointing. The parties are hereby on notice that the court will not grant improperly filed (and late) motions in the future without good cause shown.

The plaintiff, too, has exemplified how not to proceed in this litigation. The rigors of federal litigation are taxing enough on litigants without counsel engaging in motions practice designed to fuel animosity. Though the civil rules permit the plaintiff to file a wide array of motions (including an opposition to a motion for extension of time), the court direct both counsel to work cooperatively in navigating their clients through this litigation.[1] This court, and the federal rules, require it. FED. R. CIV. P. 1; FED. R. CIV. P. 11 (b)(1); Standing Order.

For the reasons set forth above, it is this 27th day of June, 2006, hereby

**ORDERED** that the defendant's motion for an extension of time is **GRANTED**, and it is

**FURTHER ORDERED** that the defendant submit its counterclaim by June 28, 2006.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

---

[1] During the court's adjudication of this case, should plaintiff counsel need any assistance from defendant counsel, plaintiff counsel's conduct will likely serve as the measure of defendant counsel's willingness to assist. Stated differently, plaintiff counsel's cooperation with defendant counsel will pay dividends to the plaintiff and plaintiff counsel throughout the course of this litigation.