**Defendant's Exhibit No. 2**
**<u>Reese Brothers, Inc. v. United States Postal Service</u>,**
**Civil No. 06-0434 (RMU)**

E600    Standard Mail

# E670    Nonprofit Standard Mail

**1.0    BASIC STANDARDS**

| | |
|---|---|
| **Organization Eligibility 1.1** | Only organizations that meet the standards in 2.0 or 3.0 and that have received specific authorization from the USPS may mail eligible matter at the Nonprofit Standard Mail rates. |
| **Separate Authorizations 1.2** | Except for mailings deposited under the plant-verified drop shipment postage payment system (see P750), a separate authorization is required at each post office where Nonprofit Standard Mail rate mailings are deposited. |
| **Discounts 1.3** | Pieces mailed at the Nonprofit Standard Mail rates must meet the standards in E611 and E612 and the corresponding standards for any other discount or rate claimed. |

**2.0    QUALIFIED NONPROFIT ORGANIZATIONS**

| | |
|---|---|
| **General 2.1** | An organization described in 2.3 through 2.10 may be authorized to mail at the Nonprofit Standard Mail rates if it is not organized for profit and none of its net income accrues to the benefit of any private stockholder or individual. |
| **Primary Purpose 2.2** | The standard of "primary purpose" used in the definitions in 2.3 through 2.10 requires that the organization be both organized and operated for the primary purpose. Organizations that incidentally engage in qualifying activities do not meet the primary purpose test. |
| **Religious 2.3** | A religious nonprofit organization whose primary purpose is to: |

   a.  Conduct religious worship (e.g., churches, synagogues, temples, or mosques);
   b.  Support the religious activities of nonprofit organizations whose primary purpose is to conduct religious worship; or
   c.  Further the teaching of particular religious faiths or tenets, including religious instruction and the dissemination of religious information.

| | |
|---|---|
| **Educational 2.4** | An educational organization is a nonprofit organization whose primary purpose is the instruction or training of individuals for improving or developing their capabilities or the instruction of the public on subjects beneficial to the community. An organization may be educational even though it advocates a particular position or viewpoint, as long as it presents a sufficiently full and fair exposition of the pertinent facts to permit the formation of an independent opinion or conclusion. Conversely, an organization is not considered educational if its principal function is the mere presentation of unsupported opinion. These are examples of educational organizations: |

   a.  An organization (e.g., a primary or secondary school, a college, or a professional or trade school) that has a regularly scheduled curriculum, a regular faculty, and a regularly enrolled body of students in attendance at a place where educational activities are regularly carried on.
   b.  An organization whose activities consist of presenting public discussion groups, forums, panels, lectures, or similar programs, including on radio or television.
   c.  An organization that presents a course of instruction by correspondence or through the use of television or radio.

670

      d. Museums, zoos, planetariums, symphony orchestras, and similar organizations.

**Scientific 2.5** A scientific organization is a nonprofit organization whose primary purpose is to conduct research in the applied, pure, or natural sciences or to disseminate technical information dealing with the applied, pure, or natural sciences.

**Philanthropic (Charitable) 2.6** A philanthropic (charitable) organization is a nonprofit organization organized and operated to benefit the public. Examples include those that are organized to relieve the poor, distressed, or underprivileged; to advance religion, education, or science; to erect or maintain public buildings, monuments, or works; to lessen the burdens of Government; or to promote social welfare for any of the above purposes or to lessen neighborhood tensions, eliminate prejudice and discrimination, defend human and civil rights secured by law, or combat community deterioration and juvenile delinquency. That an organization organized and operated to relieve indigent persons may receive voluntary contributions from those persons does not necessarily make it ineligible for Nonprofit Standard Mail rates as a philanthropic organization. That an organization, in carrying out its primary purpose, advocates social or civic changes or presents ideas on controversial issues to influence public opinion and sentiment to accept its views, does not necessarily make it ineligible for Nonprofit Standard Mail rates as a philanthropic organization.

**Agricultural 2.7** An agricultural organization is a nonprofit organization whose primary purpose is the betterment of the conditions of those engaged in agricultural pursuits, the improvement of the grade of their products, and the development of a higher degree of efficiency in agriculture; or the collection and dissemination of information or materials about agriculture. The organization may further and advance agricultural interests through educational activities; by holding agricultural fairs; by collecting and disseminating information about cultivation of the soil and its fruits or the harvesting of marine resources; by rearing, feeding, and managing livestock, poultry, bees, etc.; or by other activities related to agricultural interests.

**Labor 2.8** A labor organization is a nonprofit organization whose primary purpose is the betterment of the conditions of workers. Labor organizations include, but are not limited to, organizations in which employees or workers participate, whose primary purpose is to deal with employers on grievances, labor disputes, wages, hours of employment, working conditions, etc. (e.g., labor unions and employee associations).

**Veterans 2.9** A veterans' organization is a nonprofit organization of veterans of the armed services of the United States, or an auxiliary unit or society of, or a trust or foundation for, any such post or organization.

**Fraternal 2.10** A fraternal organization is a nonprofit organization whose primary purpose is fostering fellowship and mutual benefits among its members. For this standard, a qualified fraternal organization must also be organized under a lodge or chapter system with a representative form of government; must follow a ritualistic format; and must be composed of members elected to membership by vote of the members. Qualifying fraternal organizations include the Masons, Knights of Columbus, Elks, and college fraternities or sororities, and may have members of either or both sexes. Fraternal organizations do not encompass such organizations as business leagues, professional associations, civic associations, or social clubs.

### 3.0   QUALIFIED POLITICAL COMMITTEES AND STATE OR LOCAL VOTING REGISTRATION OFFICIAL

**Political Committees**
**3.1**

These political committees may be authorized to mail at the Nonprofit Standard Mail rates without regard to their nonprofit status:

a.  A national committee of a political party.
b.  A state committee of a political party.
c.  The Democratic Congressional Campaign Committee.
d.  The Democratic Senatorial Campaign Committee.
e.  The National Republican Congressional Committee.
f.  The National Republican Senatorial Committee.

**Definitions**
**3.2**

For the standards in 3.1:

a.  The national committee is the organization that, by virtue of the bylaws of a political party, is responsible for the day-to-day operations of such political party at the national level.

b.  The state committee is the organization that, by virtue of the bylaws of a political party, is responsible for the day-to-day operation of such political party at the state level.

**Voting Registration Official**
**3.3**

Voting registration officials in a state or the District of Columbia are authorized to mail certain Standard Mail (A) materials at the Nonprofit Standard Mail rates under the National Voter Registration Act of 1993 (see 5.9).

### 4.0   INELIGIBLE ORGANIZATIONS

**Private**
**4.1**

These and similar organizations do not qualify for the Nonprofit Standard Mail rates, even if organized on a nonprofit basis:

a.  Automobile clubs.
b.  Business leagues.
c.  Chambers of commerce.
d.  Citizens' and civic improvement associations.
e.  Individuals.
f.  Mutual insurance associations.
g.  Political organizations (other than those specified in 3.0).
h.  Service clubs (e.g., Civitan, Kiwanis, Lions, Optimist, and Rotary).
i.  Social and hobby clubs.
j.  Associations of rural electric cooperatives.
k.  Trade associations.

**Government**
**4.2**

In general, state, county, and municipal governments are not eligible for the Nonprofit Standard Mail rates. However, a separate and distinct state, county, or municipal governmental organization that meets the criteria for any one of the specific categories in 2.0 may be eligible, notwithstanding its governmental status.

### 5.0   ELIGIBLE AND INELIGIBLE MATTER

**Organization's Own Mail**
**5.1**

An organization authorized to mail at the Nonprofit Standard Mail rates may mail only its own matter at those rates. An authorized organization may not delegate or lend the use of its authorization to mail at the Nonprofit Standard Mail rates to any other person or organization.

670

**Ineligible Matter 5.2**   No person or organization may mail, or cause to be mailed by contractual agreement or otherwise, any ineligible matter at the Nonprofit Standard Mail rates.

**Cooperative Mailings 5.3**   Cooperative mailings may be made at the Nonprofit Standard Mail rates only when each of the cooperating organizations is individually authorized to mail at the Nonprofit Standard Mail rates at the post office where the mailing is deposited. Cooperative mailings involving the mailing of any matter on behalf of or produced for an organization not itself authorized to mail at the Nonprofit Standard Mail rates at the post office where the mailing is deposited must be paid at the applicable regular rates. If a mailer disagrees with a postmaster's decision that the regular rate of postage applies to a particular mailing, the mailer may appeal the decision under G020.

**Prohibitions 5.4**   Nonprofit Standard Mail rates may not be used for the entry of material that advertises, promotes, offers, or, for a fee or consideration, recommends, describes, or announces the availability of:

     a.   Any credit, debit, or charge card or similar financial instrument or account, provided by or through an arrangement with any person or organization not authorized to mail at the Nonprofit Standard Mail rates at the entry post office.

     b.   Any insurance policy, unless the organization promoting the purchase of such policy is authorized to mail at the Nonprofit Standard Mail rates at the entry post office; the policy is designed for and primarily promoted to the members, donors, supporters, or beneficiaries of that organization; and the coverage provided by the policy is not generally otherwise commercially available as explained in 5.5.

     c.   Any travel arrangement, unless the organization promoting the arrangement is authorized to mail at the Nonprofit Standard Mail rates at the entry post office; the travel contributes substantially (aside from the cultivation of members, donors, or supporters, or the acquisition of income or funds) to one or more of the purposes that constitute the basis for the organization's authorization to mail at the Nonprofit Standard Mail rates; and the arrangement is designed for and primarily promoted to the members, donors, supporters, or beneficiaries of that organization.

     d.   Any other product or service unless one of the following exceptions is met:

         (1)   The sale of the product or the provision of such service is substantially related to the exercise or performance by the organization of one or more of the purposes used by the organization to qualify for mailing at the Nonprofit Standard Mail rates. The criteria in 5.6 are used to determine whether an advertisement, promotion, or offer for a product or service is for a substantially related product or service and, therefore, mailable at the Nonprofit Standard Mail rates.

         (2)   The product or service is advertised in Standard Mail (A) material meeting the prescribed content requirements for a periodical publication. The criteria in 5.8 are used to determine whether the Standard Mail (A) material meets the content requirements for a periodical publication.

**Definitions, Insurance 5.5**   For the standard in 5.4b:

     a.   The term *not generally otherwise commercially available* applies to the actual coverage stated in an insurance policy, without regard to the amount of the premiums, the underwriting practices, and the financial condition of the insurer. When comparisons are made with other policies, consideration is given to policy coverage benefits, limitations, and exclusions, and to the





availability of coverage to the targeted category of recipients. When insurance policy coverages are compared for determining whether coverage in a policy offered by an organization is not generally otherwise commercially available, the comparison is based on the specific characteristics of the recipients of the piece in question (e.g., geographic location or demographic characteristics).

b. The types of insurance considered generally commercially available include, but are not limited to, homeowner's, property, casualty, marine, professional liability (including malpractice), travel, health, life, airplane, automobile, truck, motorhome, motorbike, motorcycle, boat, accidental death, accidental dismemberment, Medicare supplement (medigap), catastrophic care, nursing home, and hospital indemnity insurance.

**Definitions,**  For the standards in 5.4d:
**Substantially
Related
Advertising
Products
5.6**

a. To be substantially related, the sale of the product or the provision of the service must contribute importantly to the accomplishment of one or more of the qualifying purposes of the organization. This means that the sale of the product or providing of the service must be directly related to accomplishing one or more of the purposes on which the organization's authorization to mail at the Nonprofit Standard Mail rates is based. The sale of the product or providing of the service must have a causal relationship to the achievement of the exempt purposes (other than through the production of income) of the authorized organization. (The fact that income is produced from selling an advertised product or providing a service does not make such action a substantially related activity, even if the income will be used to accomplish the purpose or purposes of the authorized organization.)

b. Standards established by the Internal Revenue Service (IRS) and the courts with respect to 26 USC 513(a) and (c) of the Internal Revenue Code are used to determine whether the sale or providing of an advertised product or service, whether sold or offered by the organization or by another party, is substantially related to the qualifying purposes of an organization. (Advertisements in Standard Mail (A) material that meets the content requirements for a periodical publication need not meet the substantially related standard to be mailable at the Nonprofit Standard Mail rates. See 5.4d(2) and 5.8.)

(1) If the advertising material is for a product or service that is not substantially related, it is not mailable at the Nonprofit Standard Mail rates.

(2) If an organization pays unrelated business income tax on the profits from the sale of a product or the providing of a service, that activity is by IRS definition not substantially related. The fact that an organization does not pay such tax, however, does not establish that the activity is substantially related because other criteria may exempt the organization from payment. Thus, the inclusion of an advertisement for a product or service in a mailpiece may disqualify the piece for Nonprofit Standard Mail rates, even if the mailer does not pay unrelated business income tax on its sale.

(3) Third-party paid advertisements may be included in material mailed at the Nonprofit Standard Mail rates if the products or services advertised are substantially related to one or more of the purposes for which the organization is authorized to mail at Nonprofit Standard Mail rates. However, if the material contains one or more advertisements that are

670

not substantially related, the material is not eligible for the Nonprofit Standard Mail rates, unless it is part of material that meets the content requirements described in 5.8 and is not disqualified from using the Nonprofit Standard Mail rates under another provision.

c. Announcements of activities, e.g., bake sale, car wash, charity auction, oratorical contest, are considered substantially related if substantially all the work is conducted by the members or supporters of an authorized organization without compensation.

d. Advertisements for products and services, including products and services offered as prizes or premiums, are considered substantially related if the products and services are received by an authorized organization as gifts or contributions.

e. An advertisement, promotion, offer, or subscription order form for a periodical publication meeting the eligibility criteria in E211 and published by one of the types of nonprofit organizations listed in 2.0 is mailable at the Nonprofit Standard Mail rates.

**Other Matter**
**5.7**
An authorized nonprofit organization's material is not disqualified from being mailed at the Nonprofit Standard Mail rates solely because that material contains, but is not primarily devoted to:

a. Acknowledgments of organizations or individuals who have made donations to the authorized organization.

b. References to and a response card or other instructions for making inquiries about services or benefits available as a result of membership in the authorized organization, if advertising, promotional, or application materials specifically concerning such services or benefits are not included.

**Periodical Publication Content Requirements**
**5.8**
Advertisements for products and services in materials that meet the content requirements for a periodical publication are mailable at the Nonprofit Standard Mail rates. The material mailed must meet the following requirements:

a. Have a title. The title must be printed on the front cover page in a style and size of type that make it clearly distinguishable from other information on the front cover page.

b. Be formed of printed sheets. (It may not be reproduced by stencil, mimeograph, or hectograph processes. Reproduction by any other process is permitted.) Any style of type may be used:

c. Contain an identification statement on one of the first five pages of the publication that includes the following elements:

(1) Title.

(2) Issue date. The date may be omitted if it is on the front cover or cover page.

(3) Statement of frequency showing when issues are to be published (daily; weekly; monthly; monthly except June; four times a year in June, August, September, and December; annually; irregularly, etc.).

(4) Name and address of the authorized organization, including street number, street name, and ZIP+4 or 5-digit ZIP Code. The street number and street name are optional if there is no letter carrier service.

(5) Issue number. Every issue of each publication is numbered consecutively in a series that may not be broken by assigning numbers to issues omitted. The issue number may be printed on the front or cover page instead of in the identification statement.

(6)   International Standard Serial Number (ISSN), if applicable.

(7)   Subscription price, if applicable.

d.   Consist of at least 25% nonadvertising matter in each issue. Advertising is defined in E211.

**Political Mailings 5.9**   A qualifying political committee under 3.0 may mail election-related materials, such as candidate endorsements, at the Nonprofit Standard Mail rates if the matter being mailed is exclusively that of the qualifying political committee. Political mailings may not be made at the Nonprofit Standard Mail rates whenever a political candidate or anyone else not authorized to mail at the Nonprofit Standard Mail rates assists the qualifying political committee with the preparation or mailing of the material in question, or pays any of the costs of preparation or mailing, or provides any consideration whatsoever to the qualifying political committee in return for the mailing being made. The following are examples of political mailings that would not qualify for mailing at the Nonprofit Standard Mail rates:

a.   A mailing containing material identified as having been paid for by the campaign committee or treasurer of an individual candidate.

b.   A mailing containing circulars, flyers, brochures, or other printed matter prepared or printed by a political candidate or his or her campaign organization.

c.   A mailing on which the postage is paid for by a political candidate or his or her campaign organization.

d.   A mailing made on behalf of a candidate in return for a contribution to the qualifying political committee.

**Products Mailable at Nonprofit Standard Mail Rates 5.10**   The following products are mailable at Nonprofit Standard Mail rates:

a.   Low-cost items within the meaning of 26 USC 513(h)(2), Internal Revenue Code. At the beginning of each calendar year, the value of low-cost items is adjusted for cost of living. Effective January 1, 1996, the standard established that the cost of such items may not exceed $6.75. This cost is the cost to the authorized organization that mails the items or on whose behalf the items are mailed.

b.   Items donated or contributed to the qualified organization. Such items do not have to meet the definition of a low-cost item as described in 5.10a.

c.   A periodical publication (as defined in E211) of a nonprofit organization unless it is ineligible under 5.0 to be mailed at the Nonprofit Standard Mail rates.

**Voting Registration Official 5.11**   The voting registration official may mail, at the Nonprofit Standard Mail rates, only qualifying Standard Mail (A) matter that is required or authorized to be mailed at those rates by the National Voter Registration Act of 1993.

**Evidence 5.12**   On request, an organization authorized to mail at the Nonprofit Standard Mail rates must furnish evidence to the USPS, or cause evidence held by another party to be furnished to the USPS, about the eligibility of any of its mail matter or mailings to be sent at those rates. Any failure to furnish evidence needed for a ruling on the eligibility of matter to be sent at the Nonprofit Standard Mail rates, or to cause such evidence to be furnished, is sufficient basis for a finding that the matter is not eligible for the Nonprofit Standard Mail rates, as well as for the revocation of the organization's authorization to mail at the Nonprofit Standard Mail rates.

670

**6.0   IDENTIFICATION**

All matter mailed at the Nonprofit Standard Mail rates must identify the authorized nonprofit organization. The name and return address of the authorized nonprofit organization must be either on the outside of the mailpiece or in a prominent location on the material being mailed. Pseudonyms or bogus names of persons or organizations may not be used. If the mailpiece bears any name and return address, it must be that of the authorized nonprofit organization. A well-recognized alternative designation or abbreviation such as "The March of Dimes" or the "AFL-CIO" may be used rather than the full organization name.

**7.0   AUTHORIZATION—ORIGINAL APPLICATION**

**Filing**
**7.1**

Except for mailings deposited under the plant-verified drop shipment postage payment system (see P750), Form 3624 must be filed by the organization at each post office where it wants to deposit mailings at the Nonprofit Standard Mail rates. The applicant must show on Form 3624 the qualifying category of organization under which it seeks authorization.

**Fee**
**7.2**

No fee is charged for filing Form 3624.

**Qualified**
**Nonprofit**
**Organizations**
**7.3**

Form 3624 must be accompanied by evidence that the applicant meets the standards of a qualifying category in 2.0 and that the organization is nonprofit (e.g., a certificate of exemption from federal income tax). *An exemption from the payment of federal income tax is not required to qualify for the Nonprofit Standard Mail rates. Such exemption is considered as evidence of qualification for preferred postal rates, but is not the controlling factor in the decision. When an organization submits proof that it is granted federal income tax exemption under 26 USC 501(c)(3), as a religious, educational, scientific, or philanthropic (charitable) organization; under 501(c)(5) as an agricultural or labor organization; under 501(c)(8) as a fraternal organization; or under 501(c)(19) as a veterans' organization, it is considered as qualifying for the Nonprofit Standard Mail rates, unless other evidence discloses some disqualification.*

**Political**
**Committees**
**7.4**

Form 3624 filed by an organization seeking authorization as a qualified political committee must include evidence that the applicant meets the standards of one of the qualifying categories of political committees in 3.0; evidence of nonprofit status is not required.

**8.0   AUTHORIZATION—AT ADDITIONAL OFFICES**

**Application**
**8.1**

Organizations authorized to mail at the Nonprofit Standard Mail rates at one post office may obtain authorization to mail at those rates at an additional post office. An official of the organization (not its agent) must file Form 3623 at the requested additional mailing office. The evidence of qualification required to accompany Form 3624 is not required when filing Form 3623.

**Fee**
**8.2**

No fee is charged for filing Form 3623.

**Application**
**Letter**
**8.3**

Form 3623 must be accompanied by a letter from the organization on its official letterhead, signed by an official of the organization, stating the name of the organization and that it is requesting authorization to mail at the Nonprofit Standard Mail rates of postage at an additional office.

| | |
|---|---|
| **Organization Name 8.4** | If the organization name on Form 3623 is different from the one on USPS records, the applicant must revise the organization's original application to reflect a name change by providing evidence that the organization's name was officially changed (e.g., an official amendment to the organization's Articles of Incorporation stating the former name and the new name and a letter issued by the Internal Revenue Service recognizing the name change). |
| **Permits, Authorizations 8.5** | Authorization by Form 3623 does not relieve the mailer's obligation to obtain mailing permits and pay the required fees for mailing at bulk rates, nor does it allow an organization to obtain an authorization for another that is a separate legal entity. |
| **Retaining Additional Authorization 8.6** | To retain an additional authorization granted under 8.0, an organization must make at least one mailing at that office during any 2-year period and maintain the original authorization on which it is based. If the original authorization is revoked for any reason, including nonuse, the additional office authorization is also revoked. |

## 9.0    MAILING WHILE APPLICATION PENDING

| | |
|---|---|
| **Approval 9.1** | An organization may not mail at the Nonprofit Standard Mail rates at a post office before the corresponding Form 3624 or Form 3623 is approved. |
| **Postage Record 9.2** | While an application is pending, postage must be paid at the applicable First-Class or Regular or Enhanced Carrier Route Standard Mail (A) rates. The USPS records the difference between postage paid at the regular bulk Standard Mail (A) rates and the postage that would have been paid at the Nonprofit Standard Mail rates. No record is kept if postage is paid at First-Class or single-piece Standard Mail (A) rates. |
| **Refund 9.3** | If an authorization to mail at Nonprofit Standard Mail rates is issued, the mailer may be refunded the postage paid at that office in excess of the Nonprofit Standard Mail rate since the effective date of the authorization. No refund is made: |

    a.  If the application is denied and no appeal is filed.
    b.  If postage was paid at First-Class or single-piece Standard Mail (A) rates.
    c.  For the period before the effective date of the authorization.
    d.  For mailings made at a post office at which a separate application was not filed.

| | |
|---|---|
| **Effective Date 9.4** | The effective date of the Nonprofit Standard Mail rate authorization is the date of the application or the date of the organization's eligibility, whichever is later. |
| **Pending Status 9.5** | The mailer may continue to mail in a pending status until a final decision is reached on an appeal of a denied application. |

## 10.0    RULING ON APPLICATIONS

| | |
|---|---|
| **Additional Information 10.1** | The RCSC manager or designee may request additional information or evidence to support or clarify the application. Failure of an organization to furnish the information is sufficient reason to deny an application. |
| **Rulings 10.2** | The RCSC manager rules on Form 3624 and Form 3623 applications and notifies the applicant directly. |

670



**Appealing a**   If the application is denied, the applicant may submit a written appeal to the
**Denial**   postmaster where the application was filed within 15 days of the applicant's receipt of
**10.3**   the decision. After reviewing the file, if the RCSC manager is still of the opinion that
the organization does not qualify, the appeal is forwarded to the Business Mail
Acceptance manager, USPS Headquarters, who issues the final agency decision.

## 11.0   REVOCATION

**USPS Review**   The RCSC manager may initiate at any time a review of any organization authorized
**11.1**   to mail at the Nonprofit Standard Mail rates. The RCSC may ask an organization for
information or evidence to determine whether the organization is still qualified. The
organization's failure to provide this information is sufficient cause for revocation.

**Revocation for**   If it is found that authorization has been given to an organization that was not qualified
**Cause**   at the time of application or subsequently became unqualified, the RCSC notifies the
**11.2**   organization directly of the proposed revocation and the reasons for it.

**Appeal**   Revocation takes effect 15 days from the organization's receipt of the notice, unless
**11.3**   the organization files a written appeal within that time through the RCSC with the
Business Mail Acceptance manager, USPS Headquarters. The manager may ask the
organization for more information or evidence to determine the organization's
eligibility. The organization's failure to provide this information is sufficient grounds for
denial of the appeal. The manager issues a written appeal decision directly to the
organization.

**Nonuse**   The RCSC revokes an authorization to mail at the Nonprofit Standard Mail rates if no
**11.4**   Nonprofit Standard Mail rate mailings are made by the authorized organization during
a 2-year period. The RCSC notifies the organization directly of the revocation for
nonuse.

