IN THE UNITED STATES DISTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Reese Brothers, Inc.<br>    PLAINTIFF,<br><br>v.<br><br>United States Postal Service<br>    DEFENDANT.<br><br>v.<br><br>Reese Teleservices, Inc., et al.<br>    THIRD PARTY DEFENDANTS | Civil Action No. 06-CV-00434 (RMU) |

**COUNTER DEFENDANT'S REPLY TO COUNTERCLAIM
AND MOTION FOR LEAVE TO AMEND SAME**

COMES NOW the Counter Defendant, Reese Brothers, Inc. ("RBI"), by and through the undersigned counsel, and replies to the Counterclaim and Third-Party Complaint ("Counterclaim") filed by Defendant and Counter Claimant United States Postal Service ("USPS").

**Motion for Leave to Amend Reply to Counterclaim**

RBI moves for leave to amend the instant Reply to Counterclaim ("Reply") and as grounds would show the following:

1.    On March 9, 2006 RBI filed the Complaint in this action against the USPS.

2.    On June 27, 2006 the USPS filed a Counterclaim and Third-Party Complaint against RBI and two entities that, prior to that point, were uninvolved in this action: Reese Teleservices, Inc. ("RT") and The Resources Group ("TRG").

3.    On July 17, 2006, this Court ordered that RBI's answer to the Counterclaim was due on July 28, 2006.

4. On July 28, 2006, counsel for RT and TRG filed a Stipulation for Enlargement of Time within which to Respond to Counterclaim and Third-Party Complaint ("Stipulation").

5. The Stipulation requested that the Court "enlarge the time within which Plaintiff and Third-Party Defendants have to respond to said Counterclaim and Third-Party Complaint." (Stipulation ¶ 4)

6. Although RBI counsel was aware that RT/TRG counsel was planning to file a motion seeking an enlargement of time for RT/TRG's response to the Counterclaim, RBI counsel was *not* aware that this motion would seek an enlargement of time for *RBI's* response.

7. RBI counsel is unsure if RT/TRG counsel sought an enlargement of time on behalf of RBI merely as a matter of courtesy or if RT/TRG counsel seeks an opportunity to confer with RBI counsel before RBI files its Reply to the Counterclaim.

8. RBI counsel attempted to contact RT/TRG counsel to clarify the matter, but RT/TRG counsel had already left town.

9. The Court granted the Stipulation in a minute order saying, "Minute Order granting Motion for Extension of Time to File Response/Reply to the third party complaint. The third party defendant has until August 16, 2006 to respond to the third party complaint."

10. RBI counsel is unsure if this Order is meant to grant an extension to RBI as well as to RT/TRG. One the one hand, the Stipulation sought an extension for RT/TRG and for RBI, the minute order appears to grant the motion without any explicit reservation or exception, and RBI counsel now has a significant question as to whether RT/TRG counsel wishes to confer before RBI files its reply to the Counterclaim. On the other hand, the minute order refers only to a "third party defendant" while RBI is, strictly speaking, a plaintiff and counterclaim defendant. Then again, the minute order refers to a "third party defendant" (singular) while RT/TRG

counsel represents two (plural) third party defendants, RT and TRG, therefore the minute order could be using the term "third party defendant" loosely and intend to encompass RT, TRG, and RBI.

11. In its best efforts to preserve RBI's rights and to comply with the Court's orders as near as he can discern them, RBI counsel has elected to reply to the Counterclaim averments dealing exclusively with RBI and generally deny those averments dealing with RBI's relationship with RT/TRG and seek leave to amend these replies on or before August 16, 2006 and after conferring with RT/TRG counsel.

12. RBI counsel was unable to reach USPS counsel to seek consent to this motion.

13. RBI counsel believes there would be no prejudice to any party if this motion were granted and that it would not affect any other deadlines in the case.

14. RBI counsel is aware of the requirements of LCvR 7(i), however he is unable to accompany this motion with "an original of the proposed pleading as amended" because it cannot be drafted until RBI counsel confers with RT/TRG counsel.

WHEREFORE, RBI requests this Honorable Court to grant RBI leave to file an amended Reply to the Counterclaim on or before August 16, 2006.

## Reply to Counterclaim

In response to the numbered paragraphs of the Counterclaim, RBI responds as follows:

1. RBI denies the averment in this paragraph and any other averment appearing elsewhere contending that RBI it incurred any debt to the USPS and that RBI violated any aspect of the USPS's rules and regulations regarding cooperative mailings (hereinafter collectively "the cooperative mailing rule" or "CMR") or any other USPS regulations. RBI admits the other allegations contained in this paragraph.

2.	RBI admits that jurisdiction is conferred on this Court by 28 USC §§ 1331 and 1339 and 39 USC § 409(a) and that, generally speaking, this Court has jurisdiction over this matter. Insofar as the remaining averments in this paragraph imply that RBI is indebted to the USPS or has violated the CMR, RBI denies them. RBI also denies that 28 USC § 3001 and 39 USC §§ 2601(a), 2605, and 3626(k) specifically confer jurisdiction upon this Court.

3.	Admit.

4.	Admit.

5.	RBI admits that it is organized under the laws of the Commonwealth of Pennsylvania and that it maintains an office at 925 Penn Avenue, Pittsburgh, PA 15222. To the extent that this paragraph directly or indirectly avers anything else, including but not limited to any implication that may arise from the use of the locution "doing business," RBI denies it.

6.	RBI generally denies the averments in this paragraph and seeks leave to amend this reply on or before August 16, 2006 after RBI counsel has had an opportunity to confer with counsel for RT.

7.	RBI generally denies the averments in this paragraph and seeks leave to amend this reply on or before August 16, 2006 after RBI counsel has had an opportunity to confer with counsel for TRG.

8.	Admit.

9.	Admit.

10.	RBI admits that the case cited has been quoted accurately. To the extent that this paragraph, or any other paragraph, avers that PSM § 134.57 is the sole official USPS interpretation of the qualifications for mailing at the "nonprofit rate," RBI denies any such averment.

11.     RBI admits that the case cited has been quoted accurately.  To the extent that this paragraph, or any other paragraph, avers that DMCS § 300.221 is the sole official USPS interpretation of the qualifications for mailing at the "nonprofit rate," RBI denies any such averment.

12.     The document to which this paragraph refers is the best evidence of the document's contents.  RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

13.     RBI admits that the language of PSM § 134.57 and that of the Domestic Mail Manual ("DMM") sections regarding the Cooperative Mailing Rule ("CMR") are similar.  RBI denies, however, any averment in this paragraph or elsewhere to the effect that the USPS's interpretations of the CMR – as expressed in official publications, in USPS testimony, in USPS investigative and adjudicatory actions, or manifested in any other manner – have remained consistent since 1975.

14.     RBI admits the first clause of this sentence.  RBI admits the second clause of the sentence with the proviso expressed in the immediately preceding paragraph.

15.     Admit.

16.     RBI admits that these pages are true and accurate copies of the regulation as recounted in the DMM.  RBI denies any averment in this paragraph or elsewhere that these pages portray the entirety of the USPS's interpretations, clarification, qualifications, and other pronouncements regarding the CMR.

17.     The document to which this paragraph refers is the best evidence of the document's contents.  RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

18.     The document to which this paragraph refers is the best evidence of the document's contents.  RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

19.     RBI has no knowledge of the USPS's purpose in issuing CSR 209 and therefore the averment is denied.

20.     RBI admits that CSR 209 is generally available to the public and that it has been "updated to reflect changes in the DMM numbering system."  RBI does not deny that there has been no material change in the wording of PS-209.  However, RBI denies any averment in this paragraph or elsewhere that the USPS's overall interpretation and application of the CMR "has not changed over the years."

21.     To the extent that the USPS is averring in this paragraph or elsewhere that CSR 209 is the sole official USPS interpretation of the CMR, RBI denies any such averment.  Nevertheless, RBI admits that CSR 209, among other pronouncements, does interpret the CMR.  The document to which this paragraph refers is the best evidence of the document's contents.  RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

22.     The document to which this paragraph refers is the best evidence of the document's contents.  RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

23.     The document to which this paragraph refers is the best evidence of the document's contents.  RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

24. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

25. RBI has no knowledge of the USPS's purpose in promulgating CSR 209 and therefore the first sentence of this paragraph is denied. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

26. RBI has no knowledge of internal USPS determinations and therefore the averments in this paragraph are denied. Further, RBI denies that the USPS has acted consistently with the policy expressed in this paragraph and that this characterization of USPS policy regarding the CMR is accurate.

27. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

28. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

29. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

30. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

31. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

32. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith. RBI admits that Publication 417 was generally available to the public.

33. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

34. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

35. Admit.

36. Admit.

37. Deny.

38. RBI admits this paragraph but denies any averment here or elsewhere that the mailings for which the USPS assessed deficiencies were conducted pursuant to the contracts reviewed by the USPS because RBI has no knowledge of precisely which mailings were included in the deficiencies and therefore has no knowledge of which contracts, if any, related to each mailing included in the deficiency.

39. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith. Further, RBI denies generally that it violated the CMR and denies specifically that

any analysis of the contracts at issue – either in isolation or as part of a comprehensive analysis of the entire mailing programs conducted pursuant to the various contracts – could lead a reasonable person to conclude that RBI violated the CMR.

40. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith. Further, RBI denies having violated the CMR or any other USPS regulations at any time.

41. RBI admits this paragraph but denies any averment here or elsewhere that the mailings for which the USPS assessed deficiencies were conducted pursuant to the contracts reviewed by the USPS because RBI has no knowledge of precisely which mailings were included in the deficiencies and therefore has no knowledge of which contracts, if any, related to each mailing included in the deficiency.

42. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

43. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith. Further, RBI denies having violated the CMR or any other USPS regulations at any time.

44. RBI admits the first two sentences. RBI denies any averment contained in the third sentence that implies that the claimed revenue deficiency is valid. RBI admits that the total revenue deficiency claimed by the USPS was in the amount of $3,600,068.23 before any forbearance action was contemplated.

45. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

46. RBI admits that, as noted in this paragraph, it has not made any payment to the USPS to defray the deficiency claimed in this case. RBI again denies that it owes any revenue deficiency to the USPS. RBI denies having refused the "offer to compromise" and notes that instead it asked the USPS to reconsider its 2/15/01 forbearance decision.

47. This paragraph does not require a response.

48. RBI admits the first two sentences of this paragraph. RBI admits that the case cited supports the proposition stated.

49. Denied.

50. Denied.

51. Denied.

52. RBI generally denies the averments in this paragraph and seeks leave to amend this reply on or before August 16, 2006 after RBI counsel has had an opportunity to confer with counsel for RT.

53. RBI generally denies the averments in this paragraph and seeks leave to amend this reply on or before August 16, 2006 after RBI counsel has had an opportunity to confer with counsel for TRG.

54. Denied.

55. This paragraph does not require a response.

56. Denied.

57. RBI denies the averments of the first and third sentences in this paragraph. RBI admits that the case cited supports the averment in the second sentence.

58. Denied.

59. Denied.

60. Denied.

61. RBI generally denies the averments in this paragraph and seeks leave to amend this reply on or before August 16, 2006 after RBI counsel has had an opportunity to confer with counsel for RT.

62. RBI generally denies the averments in this paragraph and seeks leave to amend this reply on or before August 16, 2006 after RBI counsel has had an opportunity to confer with counsel for TRG.

The remainder of the Counterclaim recounts the USPS's prayer for relief to which no response is required. To the extent that a response is useful, RBI denies that the USPS is entitled to any relief whatsoever from RBI. RBI hereby specifically denies all allegations of the Counterclaim not expressly admitted in this reply.

WHEREFORE, RBI requests that the Court enter judgment dismissing the Counterclaim with prejudice and awarding RBI such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

/s/_____.
Charles H. Nave, Esq.
Charles H. Nave, P.C.
1225 Third Street SW

Roanoke, VA 24016
D.C. Bar #484501
Tel: 540 345 8848
Fax: 540 345 8849
Email: charlie@nave-law.com
Counsel for Plaintiff, Counter Defendant

IN THE UNITED STATES DISTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Reese Brothers, Inc.<br>  PLAINTIFF,<br><br>  v.<br><br>United States Postal Service<br>  DEFENDANT.<br><br>  v.<br>Reese Teleservices, Inc., et al.<br>  THIRD PARTY DEFENDANTS | Civil Action No. 06-CV-00434 (RMU) |

### ORDER OF COURT

AND NOW, upon consideration of Counter Defendant Reese Brothers, Inc.'s motion for leave to Amend its Reply to the Counterclaim and Third Party Complaint filed by Defendant and Counter Claimant United States Postal Services, it is hereby ORDERED, ADJUDGED AND DECREED that Reese Brothers, Inc. may file an amended Reply to the Counterclaim on or before August 16, 2006.

_____
RICARDO M. URBINA
United States District Judge