IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REESE BROTHERS, INC.,              ) | |
|                                  ) | Civil Action No. 1:06-cv-0434 (RMU) |
|         Plaintiff,       ) | |
|                                  ) | ELECTRONICALLY FILED |
|     v.                               ) | |
|                                  ) | |
| UNITED STATES POSTAL SERVICE,  ) | |
|                                  ) | |
|        Defendant,      ) | |
|                                  ) | |
|     v.                               ) | |
|                                  ) | |
| REESE TELESERVICES, INC. and   ) | |
| RESOURCES GROUP, LLC d/b/a     ) | |
| TRG HOLDINGS, INC.,             ) | |
|                                  ) | |
|        Third-Party Defendants.  ) | |

## ANSWER TO THIRD-PARTY COMPLAINT

AND NOW comes Third-Party Defendant Resources Group d/b/a TRG Holdings, Inc. ("Third-Party Defendant The Resource Group"), by and through their counsel, Jeffrey B. Balicki, Esquire and Feldstein Grinberg Stein & McKee, and herewith file its Answer to Third-Party Complaint as follows:

### INTRODUCTION

1.      It is admitted that the United States Postal Service ("USPS") commenced this Third-Party Complaint in an attempt to collect a debt allegedly owed by Reese Brothers, Inc. ("RBI"). RBI has previously denied that it owes any debt to the USPS or has violated USPS regulations prohibiting cooperative mailings. In this Answer to Third-Party Complaint, Third-Party Defendant The Resource Group expressly denies that it is a "successor-in-interest" to RBI or to Reese Teleservices, Inc. ("RTI") or would in any manner be liable over to the USPS for any

debt owed by RBI which is expressly denied.  By way of further answer, it is denied that an entity known as Resources Group, LLC d/b/a TRG Holdings, Inc. exists.  The correct corporate names are The Resource Group International Limited, Inc., an exempt Bermuda corporation ("TRGI"), and TRG Holdings, LLC, a Delaware limited liability company ("TRG Holdings").  TRGI is the sole member of TRG Holdings.

### Jurisdiction and Venue

2.  The allegations of Paragraphs 2 and 3 of the Third-Party Complaint constitute legal conclusions for which no responsive pleading is required.

### The Parties

3.  The allegations of Paragraphs 4 and 5 of the Third-Party Complaint are admitted.

4.  The allegations of Paragraph 6 of the Third-Party Complaint relate to a party other than Third-Party Defendant The Resource Group for which no responsive pleading is required.  To the extent an answer is necessary, it is admitted that RTI is a Pennsylvania corporation with offices in Pittsburgh, PA..

5.  The allegations of Paragraph 7 of the Third-Party Complaint are admitted in part and denied in part.  It is denied that Third-Party Defendant The Resource Group trades and does business under the name TRG Holdings, LLC.  TRG Holdings is a Delaware limited liability company with offices in Washington, D.C.  It is denied that Third-Party Defendant The Resource Group owns a majority interest in RTI.

### The Cooperative Mail Rule

6.  The allegations of Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37 constitute legal conclusions or allege facts which Third-Party Defendant The Resource Group does not have sufficient

{00362900.1}                                     2

information or knowledge to form a belief as to the truth or falsity of said allegations. By way of further answer, these allegations are directed at RBI and not at activities or conduct on the part of Third-Party Defendant The Resource Group.

### The Revenue Deficiencies

7.     The allegations of Paragraphs 38, 39, 40, 41, 42, 43, 44, 45, and 46 constitute legal conclusions or allege facts which Third-Party Defendant The Resource Group does not have sufficient information or knowledge to form a belief as to the truth or falsity of said allegations. By way of further answer, these allegations are directed at RBI and not at activities or conduct on the part of Third-Party Defendant The Resource Group.

### Count I:  Judgment on a Claim for Debt

8.     The allegations of Paragraph 47 of the Third-Party Complaint incorporate by reference all preceding paragraphs.

9.     The allegations of Paragraphs 48, 49, 50, and 51 constitute legal conclusions or allege facts which Third-Party Defendant The Resource Group does not have sufficient information or knowledge to form a belief as to the truth or falsity of said allegations. By way of further answer, these allegations are directed at RBI and not at activities or conduct on the part of Third-Party Defendant The Resource Group.

10.     The allegations of Paragraph 52 are denied. It is expressly denied that RTI "acquired" RBI. To the contrary, RTI purchased substantially all of the assets of RBI pursuant to the terms of an asset purchase agreement. It is expressly denied that RTI is liable to the USPS for the alleged unpaid debt of RBI or is liable over to the USPS under a theory of successor-in-interest status or any other reason.

11. The allegations of Paragraph 53 are denied. It is expressly denied that Third-Party Defendant The Resource Group acquired a "controlling" or majority interest in RTI. It is expressly denied that Third-Party Defendant The Resource Group, TRGI, or TRG Holdings, LLC is liable to the USPS for the alleged unpaid debt of RBI or is liable over to the USPS under a theory of successor-in-interest status or any other reason.

12. The allegations of Paragraph 54 of the Third-Party Complaint constitute a legal conclusion for which no responsive pleading is required.

### Count II:  Unjust Enrichment

13. The allegations of Paragraph 55 of the Third-Party Complaint incorporate by reference all preceding paragraphs.

14. The allegations of Paragraphs 56, 57, 58, 59, and 60 constitute legal conclusions or allege facts which Third-Party Defendant The Resource Group does not have sufficient information or knowledge to form a belief as to the truth or falsity of said allegations. By way of further answer, these allegations are directed at RBI and not at activities or conduct on the part of Third-Party Defendant The Resource Group.

15. The allegations of Paragraph 61 are denied. It is expressly denied that RTI "acquired" RBI. To the contrary, RTI purchased substantially all of the assets of RBI pursuant to the terms of an asset purchase agreement. It is expressly denied that RTI is liable to the USPS for the alleged unpaid debt of RBI or is liable over to the USPS under a theory of successor-in-interest status or any other reason.

16. The allegations of Paragraph 62 are denied. It is expressly denied that Third-Party Defendant The Resource Group acquired a "controlling" or majority interest in RTI. It is expressly denied that Third-Party Defendant The Resource Group, TRGI or TRG Holdings, LLC

is liable to the USPS for the alleged unpaid debt of RBI or is liable over to the USPS under a theory of successor-in-interest status or any other reason.

### Claim for Relief

WHEREFORE, Third-Party Defendant The Resource Group respectfully requests this Honorable Court to enter judgment in its favor and against the USPS on its claims and to award costs and such other relief as the Court deems appropriate:

a. It is expressly denied USPS is entitled to judgment jointly or severally on Count I against RBI, RTI or Third-Party Defendant The Resource Group for the amount claimed including pre- and post-judgment interest.

b. It is expressly denied USPS is entitled to judgment jointly or severally on Count II against RBI, RTI or Third-Party Defendant The Resource Group for the amount claimed including pre- and post-judgment interest.

### SECOND AFFIRMATIVE DEFENSE

17. Third-Party Defendant The Resource Group incorporates by reference Paragraphs 1 through 16 above as though set forth herein in their entirety.

18. The Resource Group International Limited, Inc., an exempt Bermuda corporation, contributed its shares of stock in RTI to an affiliated company on or about December 30, 2005, and no longer has an ownership interest in RTI. The Resource Group International Limited, Inc. never had an ownership interest in RBI.

19. TRG Holdings, LLC, a Delaware limited liability company, has never had an ownership interest in RTI or RBI.

20. The Resource Group International Limited, Inc. is a Bermuda corporation that operates outside of and has no business activities within the United States of America.

{00362900.1}                                                    5

21. TRG Holdings, LLC has nominal business activities within the United States but in no way controls, either directly or indirectly, the business activities or management of RBI or RTI.

22. Neither The Resource Group International Limited, Inc. nor TRG Holdings, LLC have commingled funds with RBI or RTI, shared employees, or utilized the assets of the other in engaging in their business activities.

23. To the best knowledge and belief of Third-Party Defendant The Resource Group, The Resource Group International Limited, Inc. and TRG Holdings, LLC, RBI and RTI have adhered to all corporate formalities including but not limited to separate bank accounts, accounting systems, general ledgers, tax returns, officers, directors, annual meetings, annual reports, and corporate minutes.

## THIRD AFFIRMATIVE DEFENSE

24. The USPS has failed to state a claim upon which relief can be granted as against Third-Party Defendant The Resource Group, The Resource Group International Limited, Inc. and/or TRG Holdings, LLC.

## FOURTH AFFIRMATIVE DEFENSE

25. This Court lacks personal jurisdiction over The Resource Group International Limited, Inc. as it does no business in Washington, D.C. and owns no real estate in Washington, D.C.

## FIFTH AFFIRMATIVE DEFENSE

26. The claims of the USPS are barred by the applicable Statute of Limitations and/or laches.

WHEREFORE, Third-Party Defendant Resources Group, LLC d/b/a TRG Holdings, Inc. respectfully requests this Court to enter judgment in its favor and against Defendant/Counterclaim Plaintiff United States Postal Service and award costs, and such other relief as the Court deems appropriate.

                                                Respectfully submitted,

                                                FELDSTEIN GRINBERG STEIN & McKEE

Dated: August 16, 2006                       By: /s/ Jeffrey B. Balicki
                                                      Jeffrey B. Balicki, Esquire
                                                        PA I.D. No: 52936
                                                        428 Boulevard of the Allies
                                                        Pittsburgh, PA 15219
                                                        (412) 263-6071
                                                        Counsel for Third Party Defendants

# CERTIFICATE OF SERVICE

I, Jeffrey B. Balicki, Esquire, do hereby certify that a true and correct copy of the Answer to Counterclaim and Third-Party Complaint was electronically filed and served upon the following:

>Charles H. Nave, Esquire
>Charles H. Nave, P.C.
>1225 Third Street, N.W.
>Roanoke, VA 24016
>**Counsel for Plaintiff**
>
>Marian L. Borum, Esquire
>United States Attorney's Office
>Judiciary Center
>555 4th Street, N.W.
>Room E-4810
>Washington, DC 20530
>**Counsel for Defendant**

on August 16, 2006.

>/s/ Jeffrey B. Balicki
>Jeffrey B. Balicki