IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REESE BROTHERS, INC., ) | |
| ) | Civil Action No. 1:06-cv-0434 (RMU) |
| Plaintiff, ) | |
| ) | ELECTRONICALLY FILED |
| v. ) | |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| REESE TELESERVICES, INC. and ) | |
| RESOURCES GROUP, LLC d/b/a ) | |
| TRG HOLDINGS, INC., ) | |
| ) | |
| Third-Party Defendants. ) | |

**THIRD-PARTY DEFENDANT REESE TELESERVICES, INC.'S MOTION TO
DISMISS THIRD-PARTY COMPLAINT PURSUANT TO RULE 12(b)(1), (2) AND (6)**

AND NOW comes Third-Party Defendant Reese Teleservices, Inc. ("Third-Party Defendant Reese Teleservices"), by and through its counsel, Jeffrey B. Balicki, Esquire and Feldstein Grinberg Stein & McKee, and herewith files its Motion to Dismiss as follows:

**INTRODUCTION**

1. This action was commenced by the filing of a Complaint by Reese Brothers, Inc. ("Reese Brothers") against the United States Postal Service ("USPS") in or about March 2006, raising various claims *inter alia* challenging the constitutionality of "relationship test cooperative mailing regulations" promulgated by the USPS and seeking to recover damages in the nature of overpayments for postal charges, lost business, and other injuries.

2. On or about June 27, 2006, USPS commenced this Third-Party Complaint joining Third-Party Defendant Reese Teleservices and another party, Resources Group, LLC d/b/a TRG Holdings, Inc., as "successors-in-interest" to Reese Brothers ostensibly for the purpose of executing on a judgment in the event that USPS is successful on its Counterclaim against Reese Brothers.

3. Of the 63-paragraphs set forth in the Counterclaim and Third-Party Complaint, only three allegations relate to Third-Party Defendant Reese Teleservices which read in their entirety as follows:

> 6. Third-Party Defendant, Reese Teleservices, Inc., is a corporation organized under the laws of Pennsylvania doing business at 925 Penn Avenue, Pittsburgh, PA 15222. On information and belief, Reese Teleservices acquired Reese [Brothers, Inc.] in December 2002. *See* http://www.reeseteleservices.com/about us/history.html .
>
> \*    \*    \*
>
> 52. Third-party defendant Reese Teleservices acquired Reese [Brothers, Inc.] in December of 2002, and is successor in interest or otherwise liable to the Postal Service for the unpaid debt of Reese [Brothers, Inc.] of $3,600,068.23, plus interest accruing from the date of each underpayment.
>
> \*    \*    \*
>
> 61. Third-party defendant Reese Teleservices acquired Reese [Brothers, Inc.] in December of 2002, and is successor in interest or otherwise liable to the Postal Service for the unpaid debt of Reese [Brothers, Inc.] of $3,600,068.23, plus interest accruing from the date of each underpayment.

4. Third-Party Defendant Reese Teleservices enters its appearance for the limited purpose of filing the within Motion to Dismiss and does not otherwise consent to or subject itself to this Court's jurisdiction.

### This Court Lacks Subject Matter Jurisdiction
### Over Third-Party Defendant Reese Teleservices, Inc.

5. USPS has filed a Counterclaim against Reese Brothers alleging revenue deficiencies during the period of January 1, 1993 through December 31, 1997, in the amount of $3,223,580.99.

6. USPS seeks to recover the alleged deficiencies under the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 *et seq.* ("FDCPA") giving rise to federal question subject matter jurisdiction as to Reese Brothers.

7. USPS has joined Third-Party Defendant Reese Teleservices on the basis that it is an alleged "successor-in-interest" to Reese Brothers based on an "acquisition" in December 2002.

8. USPS fails to aver that Third-Party Defendant Reese Teleservices contracted with the Postal Service during the period of January 1, 1993 through December 31, 1997, or engaged in any other activity during that time period that would give rise to a claim or debt that is recoverable under the FDCPA.

9. USPS fails to aver that the FDCPA expressly provides for successor liability and thereby statutorily creates a claim against Third-Party Defendant Reese Teleservices as the alleged "successor-in-interest" to Reese Brothers.

10. The claims alleged against Third-Party Defendant Reese Teleservices arise out of common law principles of "alter ego" and "piercing the corporate veil".

11. USPS has failed to aver the existence of subject matter jurisdiction and its claims against Third-Party Defendant Reese Teleservices must be dismissed pursuant to Rule 12(b)(1).

### This Court Lacks Personal Jurisdiction
### Over Third-Party Defendant Reese Teleservices, Inc.

12. Paragraph 6 of the Third-Party Complaint alleges Third-Party Defendant Reese Teleservices "is a corporation organized under the laws of Pennsylvania doing business at 925 Penn Avenue, Pittsburgh, PA 15222."

13. The Third-Party Complaint fails to aver the existence of any connection by Third-Party Defendant to the District of Columbia that would be strong enough to support general jurisdiction.

14. The Third-Party Complaint fails to aver the existence of any facts that (1) bring the case within the scope of the District of Columbia's long-arm statute, *D.C. Code § 13-423* and (2) satisfy the constitutional requirement of due process.

15. USPS has failed to aver the existence of personal jurisdiction and its claims against Third-Party Defendant Reese Teleservices must be dismissed pursuant to Rule 12(b)(2).

### The Third-Party Complaint Fails to State a Claim Upon Which Relief Can Be Granted

16. Third-Party Defendant Reese Teleservices incorporates by reference Paragraphs 9 and 10 above as though set forth herein in their entirety.

17. USPS has failed to aver any statutory basis under the FDCPA that extends liability to Third-Party Defendant Reese Teleservices for the alleged debt of Reese Brothers based upon a "successor-in-interest" theory.

18. To the extent USPS relies upon the common law principles of "alter ego" liability and/or "piercing the corporate veil" to prove successor liability, the Third-Party Complaint is silent as to any facts or the requisite elements to support such a claim.

19. The Third-Party Complaint fails to state a claim upon which relief can be granted and the claims against Third-Party Defendant Reese Teleservices must be dismissed pursuant to Rule 12(b)(6).

WHEREFORE, Third-Party Defendant Reese Teleservices respectfully requests this Court to dismiss the United States Postal Service's claims against it with prejudice and to award costs and such other relief as the Court deems appropriate.

                Respectfully submitted,

                FELDSTEIN GRINBERG STEIN & McKEE

Dated: August 16, 2006        By: /s/ Jeffrey B. Balicki
                Jeffrey B. Balicki, Esquire
                PA I.D. No: 52936
                428 Boulevard of the Allies
                Pittsburgh, PA 15219
                (412) 263-6071
                Counsel for Third Party Defendant
                Reese Teleservices, Inc.

## **CERTIFICATE OF SERVICE**

I, Jeffrey B. Balicki, Esquire, do hereby certify that a true and correct copy of Third Party Defendant Reese Teleservices, Inc.'s Motion to Dismiss Third-Party Complaint Pursuant to Rule 12(b)(1), (2) and (6) was electronically filed and served upon the following:

>Charles H. Nave, Esquire
>Charles H. Nave, P.C.
>1225 Third Street, N.W.
>Roanoke, VA 24016
>**Counsel for Plaintiff**
>
>Marian L. Borum, Esquire
>United States Attorney's Office
>Judiciary Center
>555 4th Street, N.W.
>Room E-4810
>Washington, DC 20530
>**Counsel for Defendant**

on August 16, 2006.

>/s/ Jeffrey B. Balicki
>Jeffrey B. Balicki