IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REESE BROTHERS, INC., ) | |
| ) | Civil Action No. 1:06-cv-0434 (RMU) |
| Plaintiff, ) | |
| ) | ELECTRONICALLY FILED |
| v. ) | |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| REESE TELESERVICES, INC. and ) | |
| RESOURCES GROUP, LLC d/b/a ) | |
| TRG HOLDINGS, INC., ) | |
| ) | |
| Third-Party Defendants. ) | |

**THIRD-PARTY DEFENDANT REESE
TELESERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS THIRD-PARTY COMPLAINT PURSUANT TO RULE 12(b)(1), (2) AND (6)**

AND NOW comes Third-Party Defendant Reese Teleservices, Inc. ("Third-Party Defendant Reese Teleservices"), by and through its counsel, Jeffrey B. Balicki, Esquire and Feldstein Grinberg Stein & McKee, and herewith files its Memorandum of Law in Support of Motion to Dismiss as follows:

**INTRODUCTION**

This action was commenced by the filing of a Complaint by Reese Brothers, Inc. ("Reese Brothers") against the United States Postal Service ("USPS") in or about March 2006, raising various claims *inter alia* challenging the constitutionality of "relationship test cooperative mailing regulations" promulgated by the USPS and seeking damages in the nature of overpayments for postal charges, lost business, and other injuries.

On or about June 27, 2006, the USPS commenced this Third-Party Complaint joining Third-Party Defendant Reese Teleservices and another party, Resources Group, LLC d/b/a TRG Holdings, Inc., as "successors-in-interest" to Reese Brothers ostensibly for the purpose of executing on a judgment in the event that USPS is successful on its Counterclaim against Reese Brothers.

Of the 63-paragraphs set forth in the Counterclaim and Third-Party Complaint, only three allegations relate to Third-Party Defendant Reese Teleservices which read in their entirety as follows:

> 6. Third-Party Defendant, Reese Teleservices, Inc., is a corporation organized under the laws of Pennsylvania doing business at 925 Penn Avenue, Pittsburgh, PA 15222. On information and belief, Reese Teleservices acquired Reese [Brothers, Inc.] in December 2002. *See* http://www.reeseteleservices.com/about us/history.html .

\* \* \*

> 52. Third-party defendant Reese Teleservices acquired Reese [Brothers, Inc.] in December of 2002, and is successor in interest or otherwise liable to the Postal Service for the unpaid debt of Reese [Brothers, Inc.] of $3,600,068.23, plus interest accruing from the date of each underpayment.

\* \* \*

> 61. Third-party defendant Reese Teleservices acquired Reese [Brothers, Inc.] in December of 2002, and is successor in interest or otherwise liable to the Postal Service for the unpaid debt of Reese [Brothers, Inc.] of $3,600,068.23, plus interest accruing from the date of each underpayment.

Third-Party Defendant Reese Teleservices enters its appearance for the limited purpose of filing the within Motion to Dismiss and does not otherwise consent to or subject itself to this Court's jurisdiction.

## ARGUMENT

The USPS bears the burden of establishing jurisdiction over Third-Party Defendant Reese Teleservices. In order to meet that burden, the USPS must allege specific facts upon which jurisdiction may be based. *See* Blumenthal v. Drudge, 992 F.Supp. 44 (D.D.C. 1998). It cannot rely upon conclusory allegations. *See* GTE New Media Servs., Inc. v. Ameritech Corp., 21 F.Supp. 2d 27 (D.D.C. 1998), remanded on other grounds sub nom. "Moreover, plaintiffs cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant." Kopff v. Battaglia, 425 F.Supp.. 2d 76 (D.D.C. 2006).

### This Court Lacks Subject Matter Jurisdiction
### Over Third-Party Defendant Reese Teleservices, Inc.

USPS has filed a Counterclaim against Reese Brothers alleging revenue deficiencies during the period of January 1, 1993 through December 31, 1997, in the amount of $3,223,580.99. The USPS seeks to recover the alleged deficiencies under the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 *et seq.* ("FDCPA"). The action seeking recovery under the FDCPA gives rise to federal question jurisdiction.

USPS has joined Third-Party Defendant Reese Teleservices on the basis that it is an alleged "successor-in-interest" to Reese Brothers based on an "acquisition" by Third-Party Defendant Reese Teleservices of Reese Brothers in December 2002. The USPS fails to aver that Third-Party Defendant Reese Teleservices contracted with the Postal Service during the period of January 1, 1993 through December 31, 1997, or engaged in any other activity during that time period that would give rise to a claim or debt directly against Third-Party Defendant Reese Teleservices that is recoverable under the FDCPA.

USPS fails to aver that the FDCPA expressly provides for successor liability and thereby creates a claim against Third-Party Defendant Reese Teleservices as the alleged "successor-in-interest" to Reese Brothers.  See Flynn v. Ohio Building Restoration, Inc., 317 F.Supp. 2d 22 (D.D.C. 2004)(In determining that whether an entity is the alter ego of another entity in an action under ERISA, 29 U.S.C.S. § 1001, *et seq.,* the following factors are to be considered: ownership, management, business purpose, operations, equipment, and customers.)

The claims alleged against Third-Party Defendant Reese Teleservices arise out of common law principles of "alter ego" and "piercing the corporate veil".  USPS has failed to aver the existence of a federal question or subject matter jurisdiction over Third-Party Defendant Reese Teleservices and its claims must be dismissed pursuant to Rule 12(b)(1).

**This Court Lacks Personal Jurisdiction**
**Over Third-Party Defendant Reese Teleservices, Inc.**

"Personal jurisdiction comes in two distinct forms:  (1) general, all purpose adjudicatory authority to entertain a suit against a defendant without regard to the claim's relationship *vel non* to the defendant's forum-linked activity, and (2) specific jurisdiction to entertain controversies based on acts of a defendant that touch and concern the forum."  Kopff v. Battaglia, 425 F.Supp.. 2d 76 (D.D.C. 2006).

Paragraph 6 of the Third-Party Complaint alleges Third-Party Defendant Reese Teleservices "is a corporation organized under the laws of Pennsylvania doing business at 925 Penn Avenue, Pittsburgh, PA 15222."  The Third-Party Complaint avers no office location in the District of Columbia or ownership of real property in this forum.  Further, USPS has failed to aver a connection to the District that would be strong enough to support general jurisdiction.  Accordingly, USPS has not met its burden of establishing general personal jurisdiction.  Id.

Secondly, the USPS has failed to establish specific jurisdiction. The Third-Party Complaint alleges no facts that (1) bring the case within the scope of the District of Columbia's long-arm statute, *D.C. Code § 13-423* and (2) satisfy the constitutional requirement of due process. See United States v. Ferrara, 311 U.S. App. D.C. 421, 54 F.3d 825 (D.C. Cir. 1995); Crane v. Carr, 259 U.S. App. D.C. 229, 814 F.2d 758 (D.C. Cir. 1987).

The District of Columbia's long-arm statute provides for personal jurisdiction over a party that engages in the following conduct:

1. Transacts any business in the District of Columbia;

2. Contracts to supply services in the District of Columbia;

3. Causes tortious injury in the District of Columbia by an act or omission in the District of Columbia; or

4. Causes tortious injury in the District of Columbia by an act or omission outside the District of Columbia if the person "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."

Kopff v. Battaglia, 425 F.Supp.. 2d 76 (D.D.C. 2006).

The Third-Party Complaint is silent as to any contractual or transactional relationship involving the District, and the claim is based upon an alleged unpaid debt, not tortious activity. Further, any alleged contacts with the forum must pass constitutional muster under the *Due Process Clause of the Constitution.* Id. USPS has failed to aver the existence of a personal jurisdiction over Third-Party Defendant Reese Teleservices and its claims must be dismissed pursuant to Rule 12(b)(2).

**The Third-Party Complaint Fails to State a Claim Upon Which Relief Can Be Granted**

As stated above, USPS has joined Third-Party Defendant Reese Teleservices under a "successor-in-interest" theory based on its "acquisition" of Reese Brothers. The liability must

{00362859.1} 5

either extend statutorily or under the common law principles of "alter ego" and "piercing the corporate veil." USPS has failed to aver any statutory basis under the FDCPA that extends liability to Third-Party Defendant Reese Teleservices for the alleged debt of Reese Brothers based upon a "successor-in-interest" theory.

To the extent USPS relies upon the common law principles of "alter ego" liability and/or "piercing the corporate veil" to prove successor liability, the Third-Party Complaint is silent as to any facts or the requisite elements to support such a claim.

"Ordinarily, a business entity which acquires the assets of another business is not liable for its predecessor's liabilities and debts." Bingham v. Goldberg, Marchesano, Kohlman, Inc., 637 A.2d 81; 1994 D.C. App. LEXIS 14 (D.C. App. 1994). The recognized exceptions to this rule include:

1. The buyer expressly or impliedly agrees to assume such debts;

2. The transaction amounts to a de facto merger of the buyer and seller;

3. The buying corporation is a "mere continuation" of the selling corporation; or

4. The transaction is entered into fraudulently in order to escape liability for such debts.

Id.

USPS has failed to aver any facts that would support any one of the exceptions stated above. USPS simply makes conclusory allegations that Third-Party Defendant Reese Teleservices is a "successor in interest or otherwise liable to the Postal Service for the unpaid debt of Reese [Brothers, Inc.]." (Third-Party Complaint, ¶¶ 52 and 61. For example, USPS has made no allegation of common identity of officers, directors and shareholders between the two companies, or the sufficiency or insufficiency of the consideration paid for the assets of Reese Brothers.

In conclusion, the facts alleged in the Third-Party Complaint fail to show a basis for application of any of the four exceptions to the rule against successor liability. Accordingly, USPS has failed to state a claim upon which relief can be granted and its claims against Third-Party Defendant Reese Teleservices must be dismissed pursuant to Rule 12(b)(6).

WHEREFORE, Third-Party Defendant Reese Teleservices respectfully requests this Court to dismiss the United States Postal Service's claims against it with prejudice and to award costs and such other relief as the Court deems appropriate.

    Respectfully submitted,

    FELDSTEIN GRINBERG STEIN & McKEE

Dated:  August 16, 2006    By: /s/ Jeffrey B. Balicki
    Jeffrey B. Balicki, Esquire
    PA I.D. No: 52936
    428 Boulevard of the Allies
    Pittsburgh, PA 15219
    (412) 263-6071
    Counsel for Third Party Defendant
    Reese Teleservices, Inc.

## CERTIFICATE OF SERVICE

I, Jeffrey B. Balicki, Esquire, do hereby certify that a true and correct copy of Third Party Defendant Reese Teleservices, Inc.'s Memorandum of Law in Support of Motion to Dismiss Third-Party Complaint Pursuant to Rule 12(b)(1), (2) and (6) was electronically filed and served upon the following:

>Charles H. Nave, Esquire
>Charles H. Nave, P.C.
>1225 Third Street, N.W.
>Roanoke, VA 24016
>**Counsel for Plaintiff**
>
>Marian L. Borum, Esquire
>United States Attorney's Office
>Judiciary Center
>555 4th Street, N.W.
>Room E-4810
>Washington, DC 20530
>**Counsel for Defendant**

on August 16, 2006.

>/s/ Jeffrey B. Balicki
>Jeffrey B. Balicki