IN THE UNITED STATES DISTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Reese Brothers, Inc.<br>    PLAINTIFF, | |
| v. | Civil Action No. 06-CV-00434 (RMU) |
| United States Postal Service<br>    DEFENDANT. | |
| v. | |
| Reese Teleservices, Inc., et al.<br>    THIRD PARTY DEFENDANTS | |

**COUNTER DEFENDANT'S AMENDED REPLY TO COUNTERCLAIM**

COMES NOW the Counter Defendant, Reese Brothers, Inc. ("RBI"), by and through the undersigned counsel, and, pursuant to Fed.R.Civ.P. 15(a), files its amended reply to the Counterclaim and Third-Party Complaint ("Counterclaim") filed by Defendant and Counter Claimant United States Postal Service ("USPS").

In response to the numbered paragraphs of the Counterclaim, RBI responds as follows:

1. RBI denies the averment in this paragraph and any other averment appearing elsewhere contending that RBI incurred any debt to the USPS or that RBI violated any aspect of the USPS's rules and regulations regarding cooperative mailings (hereinafter collectively "the cooperative mailing rule" or "CMR") or any other USPS regulations. RBI admits the other allegations contained in this paragraph.

2. RBI admits that jurisdiction is conferred on this Court by 28 USC §§ 1331 and 1339 and 39 USC § 409(a) and that, generally speaking, this Court has jurisdiction over this matter. Insofar as the remaining averments in this paragraph imply that RBI is indebted to the

USPS or has violated the CMR, RBI denies them.  RBI also denies that 28 USC § 3001 and 39 USC §§ 2601(a), 2605, and 3626(k) specifically confer jurisdiction upon this Court.

3.  Admit.

4.  Admit.

5.  RBI admits that it is organized under the laws of the Commonwealth of Pennsylvania and that it maintains an office at 925 Penn Avenue, Pittsburgh, PA 15222.  To the extent that this paragraph directly or indirectly avers anything else, including but not limited to any implication that may arise from the use of the locution "doing business," RBI denies it.

6.  The averments of the first sentence of this paragraph do not relate to RBI and therefore no responsive pleading is required.  The averments of the second and third sentences are expressly denied.  Instead, Reese Teleservices acquired certain assets of RBI in a *bona fide* asset purchase transaction, while RBI retained other assets.

7.  The averments in this paragraph do not relate to RBI and therefore no responsive pleading is required.

8.  Admit.

9.  Admit.

10. RBI admits that the case cited has been quoted accurately.  To the extent that this paragraph, or any other paragraph, avers that PSM § 134.57 is the sole official USPS interpretation of the qualifications for mailing at the "nonprofit rate," RBI denies any such averment.

11. RBI admits that the case cited has been quoted accurately.  To the extent that this paragraph, or any other paragraph, avers that DMCS § 300.221 is the sole official USPS

interpretation of the qualifications for mailing at the "nonprofit rate," RBI denies any such averment.

      12.    The document to which this paragraph refers is the best evidence of the document's contents.  RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

      13.    RBI admits that the language of PSM § 134.57 and that of the Domestic Mail Manual ("DMM") sections regarding the Cooperative Mailing Rule ("CMR") are similar.  RBI denies, however, any averment in this paragraph or elsewhere to the effect that the USPS's interpretations of the CMR – as expressed in official publications, in USPS testimony, in USPS investigative and adjudicatory actions, or manifested in any other manner – have remained consistent since 1975.

      14.    RBI admits the first clause of this sentence.  RBI admits the second clause of the sentence with the proviso expressed in the immediately preceding paragraph.

      15.    Admit.

      16.    RBI admits that these pages are true and accurate copies of the regulation as it appears in the DMM.  RBI denies any averment in this paragraph or elsewhere that these pages portray the entirety of the USPS's interpretations, clarification, qualifications, and other pronouncements regarding the CMR.

      17.    The document to which this paragraph refers is the best evidence of the document's contents.  RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

18. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

19. RBI has no knowledge of the USPS's purpose in issuing CSR 209 and therefore the averment is denied.

20. RBI admits that CSR 209 is generally available to the public and that it has been "updated to reflect changes in the DMM numbering system." RBI does not deny that there has been no material change in the wording of PS-209. However, RBI denies any averment in this paragraph or elsewhere that the USPS's overall interpretation and application of the CMR "has not changed over the years."

21. To the extent that the USPS is averring in this paragraph or elsewhere that CSR 209 is the sole official USPS interpretation of the CMR, RBI denies any such averment. Nevertheless, RBI admits that CSR 209, among other pronouncements, does interpret the CMR. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

22. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

23. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

24. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

25. RBI has no knowledge of the USPS's purpose in promulgating CSR 209 and therefore the first sentence of this paragraph is denied. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

26. RBI has no knowledge of internal USPS determinations and therefore the averments in this paragraph are denied. Further, RBI denies that the USPS has acted consistently with the policy expressed in this paragraph and that this characterization of USPS policy regarding the CMR is accurate.

27. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

28. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

29. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

30. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

31. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

32. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith. RBI admits that Publication 417 was generally available to the public.

33. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

34. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

35. Admit.

36. Admit.

37. Deny.

38. RBI admits this paragraph but denies any averment here or elsewhere that the mailings for which the USPS assessed deficiencies were conducted pursuant to the contracts reviewed by the USPS because RBI has no knowledge of precisely which mailings were included in the deficiencies and therefore has no knowledge of which contracts, if any, related to each mailing included in the deficiency.

39. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith. Further, RBI denies generally that it violated the CMR and denies specifically that

any analysis of the contracts at issue – either in isolation or as part of a comprehensive analysis of the entire mailing programs conducted pursuant to the various contracts – could lead a reasonable person to conclude that RBI violated the CMR.

40. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith. Further, RBI denies having violated the CMR or any other USPS regulations at any time.

41. RBI admits this paragraph but denies any averment here or elsewhere that the mailings for which the USPS assessed deficiencies were conducted pursuant to the contracts reviewed by the USPS because RBI has no knowledge of precisely which mailings were included in the deficiencies and therefore has no knowledge of which contracts, if any, related to each mailing included in the deficiency.

42. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

43. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith. Further, RBI denies having violated the CMR or any other USPS regulations at any time.

44. RBI admits the first two sentences. RBI denies any averment contained in the third sentence that implies that the claimed revenue deficiency is valid. RBI admits that the total revenue deficiency claimed by the USPS was in the amount of $3,600,068.23 before any forbearance action was contemplated.

45. The document to which this paragraph refers is the best evidence of the document's contents. RBI denies the averments in this paragraph insofar as they are inconsistent therewith.

46. RBI admits that, as noted in this paragraph, it has not made any payment to the USPS to defray the deficiency claimed in this case. RBI again denies that it owes any revenue deficiency to the USPS. RBI denies having refused the "offer to compromise" and notes that instead it asked the USPS to reconsider its 2/15/01 forbearance decision.

47. This paragraph does not require a response.

48. RBI admits the first two sentences of this paragraph. RBI admits that the case cited supports the proposition stated.

49. Denied.

50. Denied.

51. Denied.

52. RBI expressly denies that it was "acquired" by Reese Teleservices. Instead, Reese Teleservices acquired certain assets of RBI in an *bona fide* asset purchase transaction, while RBI retained other assets. By way of further answer, RBI notes that any relevant transactions between RBI and Reese Teleservices were *bona fide* transactions with genuine business purposes. The remaining averments in this paragraph do not relate to RBI and therefore no responsive pleading is required.

53. The averments in this paragraph do not relate to RBI and therefore no responsive pleading is required.

54. Denied.

55. This paragraph does not require a response.

56. Denied.

57. RBI denies the averments of the first and third sentences in this paragraph. RBI admits that the case cited supports the averment in the second sentence.

58. Denied.

59. Denied.

60. Denied.

61. RBI expressly denies that it was "acquired" by Reese Teleservices. Instead, Reese Teleservices acquired certain assets of RBI in an *bona fide* asset purchase transaction, while RBI retained other assets. By way of further answer, RBI notes that any relevant transactions between RBI and Reese Teleservices were *bona fide* transactions with genuine business purposes. The remaining averments in this paragraph do not relate to RBI and therefore no responsive pleading is required.

62. The averments in this paragraph do not relate to RBI and therefore no responsive pleading is required.

The remainder of the Counterclaim recounts the USPS's prayer for relief to which no response is required. To the extent that a response is useful, RBI denies that the USPS is entitled to any relief whatsoever from RBI. RBI hereby specifically denies all allegations of the Counterclaim not expressly admitted in this reply.

WHEREFORE, RBI requests that the Court enter judgment dismissing the Counterclaim with prejudice and awarding RBI such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

/s/                                                                          .
Charles H. Nave, Esq.
Charles H. Nave, P.C.
1225 Third Street SW
Roanoke, VA 24016
D.C. Bar #484501
Tel: 540 345 8848
Fax: 540 345 8849
Email: charlie@nave-law.com
Counsel for Plaintiff, Counter Defendant