# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **REESE BROTHERS, INC.,** | ) | |
| | ) | |
| **Plaintiff/Counterclaim Defendant** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.  06-0434 (RMU)** |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant/Counterclaim Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **REESE TELESERVICES, INC.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **RESOURCES GROUP, LLC d/b/a** | ) | |
| **TRG HOLDINGS, INC.,** | ) | |
| | ) | |
| | ) | |
| **Third-Party Defendants** | ) | |
| | ) | |
| | ) | |

## UNITED STATES POSTAL SERVICE'S OPPOSITION TO REESE TELESERVICES, INC.'S MOTION TO DISMISS

Defendant/Counterclaim Plaintiff, the United States Postal Service, through undersigned counsel, respectfully files this Opposition to Reese Teleservices, Inc.'s Motion to Dismiss Third-Party Complaint, and represents as follows:

## INTRODUCTION

Defendant/Counterclaim Plaintiff, the United States Postal Service ("Postal Service"), filed a Third-Party Complaint in the above-referenced matter against Third-Party Defendants, Reese Teleservices, Inc. ("Reese Teleservices"), and The Resources Group ("TRG Holdings,

LLC"), to collect on the debt incurred by Reese Brothers, Inc. ("Reese") for violating the Postal Service's regulations prohibiting cooperative mailings. *See* Counterclaim and Third-Party Complaint. In lieu of filing an answer, Reese Teleservices filed a Motion to Dismiss Third-Party Complaint ("Motion to Dismiss"). Through its motion, Reese Teleservices alleges that (1) the Court lacks personal jurisdiction, (2) the Court lacks subject matter jurisdiction, and (3) the Third-Party Complaint fails to state a claim upon which relief can be granted. *See* Motion to Dismiss at pp. 3-5. For the reasons stated below, Reese Teleservices' motion should be denied, and the Court should order Reese Teleservices to file an Answer to the Third-Party Complaint.

## ARGUMENT

### I.  This Court Has Personal Jurisdiction Over Reese Teleservices

### a) Legal Standard

To survive a motion to dismiss for lack of personal jurisdiction, under Fed. R. Civ. P. 12(b)(6), the non-movant party need only make out a *prima facie* case that personal jurisdiction exists. *See Crane v. New York Zoological Society,* 894 F.2d 454, 458 (D.C. Cir. 1990). For purposes of the motion to dismiss, the well-pleaded allegations of the non-movant party are regarded as true, *see Gray v. Bell,* 712 F.2d 490, 493 n.2 (D.C. Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984), and the non-movant is afforded the benefit of all inferences reasonably derived from the facts alleged. *See United States v. BCCI Holdings,* 980 F. Supp. 21, 26 (D.D.C. 1997) (citation omitted). Dismissal is proper only if "it appears beyond doubt that the [non-movant] can prove no set of facts in support of his claim which would entitle him to relief." *Kenneda v. United States,* 880 F.2d 1439, 1442 (D.C. Cir. 1989). *See Material Supply International, Inc. v. Sunmatch Industrial Co., et al.,* 62 F. Supp 2d 13, 19 (D.D.C. 1999). Under this standard, Reese

2

Teleservices' motion to dismiss for lack of personal jurisdiction must be denied.

**b) Application of Legal Standard**

In its Counterclaim and Third-Party Complaint, the Postal Service alleged that, during the period of January 1, 1993 through December 31, 1997, Reese made various mailings for non-profit entities in violation of the cooperative mail rule. *See* Counterclaim and Third-Party Complaint ¶ 38. Because these mailings were ineligible for entry at the non-profit rate, they resulted in a revenue deficiency in the amount of $3,600,068.23. *Id.* at ¶¶ 40, 44. The Postal Service demanded payment of this debt from Reese, and Reese refused payment. *Id.* at ¶¶ 44, 46.

In December of 2002, Reese Teleservices acquired Reese, and continued the operations of Reese, including its telemarketing and fundraising for non-profit organizations in the United States. *Id.* at ¶6.[1] Therefore, as Reese's successor-in-interest, Reese Teleservices is indebted to the Postal Service, and the FDCPA provides this Court with personal jurisdiction over Reese Teleservices to collect the debt.

Reese Teleservices argues that defendant has 1) "failed to aver a connection to the District [of Columbia] . . . strong enough to support general jurisdiction[,]" *see* Motion to Dismiss at p. 4; and 2) failed to "bring the case within the scope of the District of Columbia's long-arm statute." *Id.* at p. 5. In its argument, Reese Teleservices ignores, however, that the Federal Debt Collection Procedures Act authorizes nationwide service of process. Specifically, the FDCPA provides in pertinent part:

---

[1]In its Motion to Dismiss, Reese Teleservices ignores the important factual allegation in paragraph 6 of the Counterclaim and Third-Party Complaint that Reese Teleservices continues the operations of Reese including its telemarketing fundraising for non-profit organizations in the United States. *See* Motion to Dismiss Third Party Complaint at p. 2.

(b) Nationwide Enforcement. - (1)  Except as provided in paragraph (2)-

(A) any writ, order, judgment, or other process, including a summons and complaint, filed under this chapter may be served in any State; and

(B) such writ, order, or judgment may be enforced by the court issuing the writ, order, or process, regardless of where the person is served with the writ, order, or process.

28 U.S.C. § 3004.  Therefore, the relevant consideration for determining personal jurisdiction is Reese Teleservices' contacts with the United States not the District of Columbia.

The decision in *United States v. Famous Artists Corp. et al.,* 1999 WL 114931, at *1 (E.D. Pa. March 15, 1996), provides an informative analysis of the effect of the FDCPA's nationwide service of process on personal jurisdiction.   Famous Artists Corporation was in the business of helping non-profit organizations solicit charitable contributions through mailings. *See id*. at * 4.  Between December 9, 1986 and January 29, 1990, Famous Artists Corporation was a wholly owned subsidiary of Communicorp, Inc.  *Id.* at *2.  On "January 29, 1990, Communicorp sold the vast bulk of Famous Artists' assets to Famous Hospitality [Corporation] through an Asset Purchase Agreement."  *Id.*  After the sale, the business of Famous Artists continued as a division of Famous Hospitality.  *Id.*  Plaintiff sought relief from Famous Artists and Famous Hospitality for mailings made using the non-profit rate in violation of the cooperative mail rule.  *See id.* at *6.  Plaintiff brought action under the Federal Debt Collection Procedures Act to collect $2,814,091.13.  *Id.*

"Communicorp argue[d] that it lack[ed] sufficient contacts with Pennsylvania to warrant exercise of the jurisdiction of the United States District Court for the Eastern District of Pennsylvania."  *Id.* at *11.   "Plaintiff respond[ed] that th[e] court ha[d] personal jurisdiction

over Communicorp because [plaintiff brought suit] . . . under the Federal Debt Collection

Procedures Act which authorize[d] nationwide service of process . . . ." *Id.*  The Court agreed

that the FDCPA provided for nationwide service of process.  It stated that the FDCPA:

> triggers a special rule that is essential to the court's determination of whether it
> can constitutionally exercise personal jurisdiction over Communicorp: Where
> Congress specifically authorizes nationwide service of process, a federal district
> court's jurisdiction encompasses the boundaries of the United States, and due
> process requires that a defendant have minimum contacts only with the United
> States." *Id.* at * 12.

*See Go-Video, Inc. v. Akai Elec. Co., Ltd.,* 885 F.2d 1406, 1414 (9th Cir. 1989)(Federal statutes

permitting service of process beyond the boundaries of the forum state broaden the authorized

scope of personal jurisdiction and the question becomes whether the party has sufficient contacts

with the United States, not any particular state.); *Ethanol Partners Accredited v. Wiener,*

*Zuckerbrot, Weiss & Brecher,* 617 F. Supp. 300, 307 (E.D. Pa. 1985) (Although defendants had

no significant contacts with the forum state, the court had personal jurisdiction over the

defendants "because the action . . . [was] brought under a statute which provides for nationwide

service of process."); 4 Charles A. Wright & Arthur L. Miller, Federal Practice & Procedure §

1067.1, at 83-84 (Supp. 1995) ("The Supreme Court never has ruled on the issue of reconciling

the minimum contacts doctrine with nationwide service of process authorized by federal statute,

but all of the lower federal courts that have addressed the issue have applied a national contacts

standard when process is served under an applicable federal service provision.") (footnote

omitted).[2]  *See also Dent v. Cunningham,* 786 F.2d 173, 175 (3d Cir. 1986); *American Trade*

---

[2]The District of Columbia has recognized that other statutes authorize nationwide service
of process.  For instance, the Employment Retirement Income Security Act of 1974 ("ERISA")
has been interpreted by the District of Columbia as authorizing nationwide service of process.
*See e.g. Flynn v. Ohio Building Restoration, Inc.*, 260 F. Supp.2d 156 (D.D.C. 2003).  The effect

*Partners, L.P. v. A-1 Int'l Importing Enters., Ltd.,* 755 F. Supp. 1292, 1302 (E.D. Pa. 1990). After the Court determined that the relevant forum was the United States, the court proceeded with its two-step due process analysis. First, the court determined "whether the defendant ha[d] sufficient minimum contacts with the relevant jurisdiction . . . the United States. *Id.* at *16. Second, the court determined whether the exercise of jurisdiction "would comport with 'traditional notions of fair play and substantial justice.'" *Id.*

The court held that because the case was "a federal question case and Plaintiff . . . alleged a claim under a federal statute that provides for nationwide service of process, the first [step] of the due process analysis [was] satisfied [because Communicorp had minimum contacts with the United States as a whole.]" *Id.* at *19. Communicorp was a Georgia corporation, doing business in Georgia. This established that "Communicorp [wa]s a United States citizen, that its contacts with the United States [we]re continuous and substantial, and that Communicorp . . . purposely directed its activities at residents of the United States." *Id.* In addition, the court found that the boundaries of the United States, not Pennsylvania, were relevant for the fairness inquiry. *Id.* It held that "Communicorp ha[d] not presented compelling reasons for the court to find that defending the action in the United States would be unreasonable." *Id.* at *20. Moreover, the exercise of personal jurisdiction did "not offend the right to fair play and substantial justice . . . ." *Id*.

In the matter at hand, Reese Teleservices is a corporation organized under the laws of

─────────────────────

of ERISA nationwide service of process on personal jurisdiction discussed by the *Flynn* court is consistent with the effect of FDCPA nationwide service of process discussed by the *Famous Artists* court, and a finding that this Court has personal jurisdiction over third-party defendant Reese Teleservices.

Pennsylvania doing business at 925 Penn Avenue, Pittsburgh, Pennsylvania. Reese Teleservices "is a leading provider of telemarketing fundraising to non-profit organizations in the United States." http://www.resgrp.com/04112005pr.html. It has "been consistently ranked as one of the 10 largest private teleservices firms in the country."

www.reeseteleservices.com/about us/history.html. Clearly, Reese Teleservices is a United States citizen, with continuous and substantial contacts with the United States, and activities purposely directed at residents of the United States. *See Famous Artist Corp.* at *19*. Further, Reese Teleservices has presented no "compelling reason[] for the court to find that defending the action in the United States would be unreasonable[,]" and the exercise of personal jurisdiction over Reese Teleservices "does not offend the right to fair play and substantial justice . . . ." *Id.* at *20*. Therefore, affording the benefit of all inferences reasonably derived from the facts alleged, Reese Teleservices' motion to dismiss for lack of personal jurisdiction should be denied. *See Material Supply Int'l, Inc. v. Sunmatch Industrial Co., et al.,* 62 F.Supp.2d 13, 19 (D.D.C. 1999)(dismissal only proper if "it appears beyond doubt that the [nonmovant] can prove no set of facts in support of his claim which would entitle him to relief).[3]

---

[3]The Postal Service does not intend to suggest or concede that Reese Teleservices lacks sufficient contacts with the District of Columbia to sustain personal jurisdiction. In fact, because Reese Teleservices conducts fundraising and telemarketing efforts for nonprofit entities using both the mail and telephones on a nationwide basis, it is quite likely that Reese Teleservices is subject to general personal jurisdiction under *D.C. Code § 13-334(a)* because of its continuous and systematic contact with District of Columbia residents. *See Gorman d/b/a Cahsbackrealty.com v. Ameritrade Holding Corp., et al.*, 293 F.3d 506, 510 (D.C. Cir. 2002). Should the Court find insufficient basis for personal jurisdiction based on FDCPA nationwide service of process provision, the Postal Service requests that it be allowed to conduct limited discovery to establish that the Court has personal jurisdiction over Reese Teleservices pursuant to *D.C. Code § 13-334(a)*, after it affects service pursuant to *D.C. Code § 29-101.99(e)(2).*

## II.  This Court Has Subject Matter Jurisdiction

### a) Legal Standard

On a motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).  The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Sinclair v. Kleindienst,* 711 F.2d 291, 293 (D.C. Cir. 1983) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  Moreover, the court is not limited to the allegations contained in the complaint.  *Hohri v. United States,* 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings.  *See United States ex rel. Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192, 197 (D.C. Cir. 1992); *United States ex rel J. Cooper & Associates, Inc. v. Bernard Hodes Group, Inc.*, *et al.*, 422 F. Supp.2d 225, 233 (D.D.C. 2006).

### b) Statutory Bases for Subject Matter Jurisdiction

As alleged in the Third-Party Complaint, the violation of the cooperative mail rule resulted in a debt to the Postal Service.  As a result, Reese owes the Postal Service $3,600,068.23.  Through its acquisition and continuation of the business of Reese, Reese Teleservices is liable to the Postal Service for that debt either under a statutory or equitable theory of recovery.

The Court has subject matter jurisdiction over this matter pursuant to several statutes including 28 U.S.C. §§ 1331, 1339 and 39 U.S.C. § 409(a).  Title 28 U.S.C. § 1331 provides

United States District Courts with jurisdiction over matters involving federal questions, and matters involving the Postal Service under 28 U.S.C. § 1339 and 39 U.S.C. § 409(a).  Further, pursuant to 39 U.S.C. §§ 2601(a) and 2605, the Postal Service shall collect its debt and request that the Attorney General file suit to do so.  Finally, 28 U.S.C. § 3001 *et seq.*, the FDCPA, provides a procedure for the United States to recover a judgment on a debt.[4]

In its Motion to Dismiss, Reese Teleservices argues that it should not be held liable for the debts of Reese because the Postal Service "fail[ed] to aver that the FDCPA expressly provides for successor liability . . . thereby creat[ing] a claim against [Reese Teleservices] as [a] 'successor -in-interest'. . . ."  Motion to Dismiss at p. 4.  This is not, however, a reason for dismissing the Third-Party Complaint.  Reese Teleservices confuses whether it is liable for the debts of Reese with whether the Court has subject matter jurisdiction to hear the facts and make a determination regarding Reese Teleservices' liability.  The Postal Service clearly has averred that Reese Teleservices is liable for the debt of Reese, and that the underlying debt is cognizable under the FDCPA.   In addition, the Postal Service has alleged that Reese is liable under the equitable theory of unjust enrichment, and that Reese Teleservices should be held liable as Reese's successor.  Whether Reese Teleservices is a debtor to the Postal Service under the FDCPA, or should be held liable under the equitable theory, are issues which fall clearly within

---

[4]Title 39, United States Code, Section 3626(k) also authorizes the process used to assess a revenue deficiency for misuse of non-profit rates.

the subject matter of the Court to decide.[5]   Therefore, Reese Teleservices' motion to dismiss for

lack of subject matter jurisdiction should be denied.

### III.   The Third-party Complaint States a Claim against Reese Teleservices

**a) Legal Standard**

A motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), tests not

whether the plaintiff[] will prevail on the merits, but whether the complaint has properly stated a

claim.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The court may dismiss a complaint for

failure to state a claim "only if it is clear that no relief could be granted under any set of facts that

could be proved consistent with the allegations."  *Hishon v. Spaulding,* 467 U.S. 69, 73 (1984).

*See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(dismissal of a claim is appropriate if it "appears

beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which

would entitle [plaintiff] to relief."); *see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111,

1117 (D.C. Cir. 2000).  In deciding such motions, the Court must treat the Complaint's factual

allegations as true, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,

---

[5]In *Famous Artists Corp.*, the Postal Service alleged that Famous Artists Corporation, the company making the mailings which gave rise to the revenue deficiency, as well as Famous Hospitality Corporation, the company that bought Famous Artists Corporation, were liable for the revenue deficiency under the FDCPA as well as other theories.  Although the court did not specifically address a challenge to its subject matter jurisdiction, it did act upon the various issues before it thereby implicitly finding that it had subject matter jurisdiction.  Similarly, in *Commerce Publishing Corp. v. United States Postal Service, et al.,* 579 F. Supp. 1402 (N.D. Tex. 1984), the court considered the liability of an acquiring company and former shareholders (brought in as third-party defendants) for debts based upon the use of a second-class permit in mailing a magazine.  The court found that it had subject matter jurisdiction over the case.

507 U.S. 163, 164 (1993), and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979).

### b) Application of Legal Standard

In order to survive the motion to dismiss for failure to state a claim, the Postal Service must present some set of facts consistent with the allegations of the complaint that, if proven, would result in a finding that Reese Teleservices is liable to the Postal Service. Under District of Columbia law, a successor corporation is liable for the wrongs of its predecessor if: (1) there is an express or implied agreement to assume the liabilities; (2) the transaction amounts to a consolidation or merger; (3) the successor entity is a mere continuation or reincarnation of the predecessor entity; or (4) the transaction was fraudulent, not made in good faith, or made without sufficient consideration in order to escape liability for debts. *Bingham v. Goldberg, Marchesano, Kohlman, Inc.*, 637 A.2d 81, 89-90 (D.C. 1994) (citations omitted). *See Sunmatch Industrial*, 62 F. Supp.2d at 23.

The Third-Party Complaint sets forth an allegation that Reese Teleservices is liable under a successor-in-interest theory. That theory is applicable when a buying corporation is a "mere continuation" of the selling corporation. Here, Reese's violation of the cooperative mail rule resulted in a debt to the Postal Service. Because Reese Teleservices acquired and continues the business of Reese as a successor entity, there is a set of facts which would support a finding of liability against Reese Teleservices for the debt incurred by Reese. Therefore, Reese Teleservices' motion to dismiss for failure to state a claim should fail.[6]

---

[6]The Postal Service does not concede that the only basis for holding Reese Teleservices liable for the debts of Reese is under the third standard discussed in *Bingham*. After discovery, and the facts regarding the underlying transaction are known, it may be that there was an express

## CONCLUSION

For the reasons stated herein, Reese Teleservices' motion to dismiss should be denied in

its entirety and Reese Teleservices should be ordered to file an Answer to the Third-party

Complaint.

Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C.  20005
202-514-6531


Of Counsel:
Harold Durham
Attorney
United States Postal Service
475 L'Enfant Plaza, S.W.
Washington, D.C.  20260-1127

---

or implied agreement by Reese Teleservices to assume the liabilities of Reese; the transaction
amounted to a consolidation or merger; or the transaction was fraudulent, not made in good faith,
or made without sufficient consideration in order to escape liability for debts.  *See Bingham,* 637
A.2d at 89-90.

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of October, 2006, I caused the foregoing to be served

first class mail, postage prepaid, addressed as follows:

Jeffrey B. Balicki, Esq.
428 Boulevard of the Allies
Pittsburgh, PA 15219

Charles H. Nave, Esq.
Charles H. Nave, P.C.
1225 Third Street, S.W.
Roanoke, Virginia 24016


_____
MARIAN L. BORUM
Assistant United States Attorney