**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| REESE BROTHERS, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   06-434 (RMU) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant/ | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| REESE TELESERVICES, INC., and | : | |
| RESOURCES GROUP, LLC d/b/a | : | |
| TGR HOLDINGS, INC., | : | |
| | : | |
| Counterclaim Defendants. | : | |

**MEMORANDUM ORDER**

**ORDERING THE PLAINTIFF TO SHOW CAUSE WHY ITS
CONSTITUTIONAL CLAIMS SHOULD NOT BE DISMISSED**

**I.   INTRODUCTION**

The plaintiff, Reese Brothers, Inc. ("Reese Brothers"), is a for-profit telemarketing company which is no longer in business. Reese Brothers claims that the United States Postal Service improperly required the plaintiff to pay standard postage rates for mailings associated with its solicitations for donations for its non-profit clients. The plaintiff brings various constitutional and statutory claims. Because the plaintiff's constitutional claims assert the constitutional rights of non-profit entities, the court is not confident that the plaintiff has standing to raise these claims. To afford the plaintiff an opportunity to levy arguments demonstrating its standing to raise these claims, the court orders the plaintiff to show cause why the court should

not dismiss the plaintiff's constitutional claims *sua sponte* for lack of standing.[1]

## II.  BACKGROUND[2]

Reese Brothers is a formerly operating for-profit telemarketing company.  Compl. ¶ 9. While in operation, the plaintiff contracted with non-profit entities to provide them with telemarketing solicitation and direct mail consulting services.  *Id.*  As part of its operation, the plaintiff routinely sent mailings to prospective donors.  *Id.*  Following an investigation into the plaintiff's business practices, the United States Postal Service, in 1998, charged the plaintiff with improperly availing itself of discounted postage rates available only to non-profit entities and for-profit entities acting as agents of a non-profit entities.  *Id.* ¶ 14.  Basically, the Postal Service concluded that the contractual arrangement between Reese Brothers and its non-profit clients rendered Reese Brothers ineligible for the discounted postage rates.  *Id.* ¶ 16.

In response to Reese Brothers' alleged under-payments (representing the differences between the non-profit postage rate and the standard postage rate), the Postal Service sought a total of $3,600,068.23.  *Id.* ¶¶ 14, 20.  After a lengthy administrative appeals process, including the plaintiff's request for forbearance, the Postal Service agreed to forgive $1,953,790.28 of the plaintiff's debt, reducing the amount the plaintiff owed to $1,646,277.95.  *Id.* ¶ 29 & Ex. I.

Attempting now to avoid any payment to the Postal Service, the plaintiff brings suit

---

[1] The plaintiff's response to the court's order may not exceed 25 pages and is due within 15 days of this order.  The defendant's response to the plaintiff's memorandum may not exceed 10 pages and is due within 10 days thereafter.

[2] Currently pending before the court is the third-party defendant's motion to dismiss.  The court will provide a full factual and procedural background in its forthcoming ruling on that motion.

alleging 17 independent causes of action. The plaintiff's first ten causes of action allege violations of constitutional rights. The court, unsure of the plaintiff's standing to bring the constitutional claims identified in its complaint, orders the plaintiff to show cause why the court should not dismiss these claims.

### III.    ANALYSIS

Article III of the Constitution limits the jurisdiction of federal courts to cases or controversies. U.S. CONST. ART. III, § 2, cl. 1. These prerequisites reflect the "common understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Consequently, "a showing of standing is an essential and unchanging predicate to any exercise of a court's jurisdiction." *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing standing. *Defenders of Wildlife*, 504 U.S. at 561; *Steel Co.*, 523 U.S. at 104; *City of Waukesha v. Envtl. Prot. Agency*, 320 F.3d 228, 233 (D.C. Cir. 2003) (per curiam).

To demonstrate standing, a plaintiff must satisfy a three-pronged test. *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002) (citing *Defenders of Wildlife*, 504 U.S. at 560). First, the plaintiff must have suffered an injury in fact, defined as a harm that is concrete and actual or imminent, not conjectural or hypothetical. *Byrd v. Envtl. Prot. Agency*, 174 F.3d 239, 243 (D.C. Cir. 1999) (citing *Steel Co.*, 523 U.S. at 103). Second, the injury must be fairly traceable to the governmental conduct alleged. *Id.* Finally, it must be likely that the requested relief will redress the alleged injury. *Id.* The D.C. Circuit has made clear that no standing exists if the plaintiff's

allegations are "purely speculative[, which is] the ultimate label for injuries too implausible to support standing." *Tozzi v. Dep't of Health & Human Servs.*, 271 F.3d 301, 307 (D.C. Cir. 2001). Nor is there standing where the court "would have to accept a number of very speculative inferences and assumptions in any endeavor to connect the alleged injury with [the challenged conduct]." *Winpisinger v. Watson*, 628 F.2d 133, 139 (D.C. Cir. 1980).

Because standing raises jurisdictional concerns, the court is "obliged to consider the issue *sua sponte*." *Catholic Soc. Serv. v. Shalala*, 12 F.3d 1123, 1125 n.2 (D.C. Cir. 1994). And in doing so here, the court is ever mindful that "the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 468 U.S. 737, 752 (1984).

It is in this regard that the court comes to question the plaintiff's standing to raise the constitutional claims outlined in its complaint. Although the court is confident that non-profit entities themselves would have standing to raise the constitutional arguments in the plaintiff's complaint, *Nat. Fed. of Blind v. FTC*, 303 F. Supp. 2d 707 (D. Md 2004) (considering the merits of a non-profit entities' constitutional challenges of a Federal Trade Commission regulation), the plaintiff is a "for-profit entity," Compl. ¶ 8. The standing of the for-profit plaintiff in this case to

claim violations of constitutional rights of non-profit entities is, however, less than clear.[3]

*Warth v. Seldin*, 422 U.S. 490, 499 (1975) (ruling that a litigant must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").

Accordingly, it is this 10th day of October, 2006 hereby

**ORDERED** that the plaintiff show cause within 15 days of this order why the court should not *sua sponte* dismiss its constitutional claims,[4] and it is

**FURTHER ORDERED** that the defendant may file a response within 10 days thereafter.

**SO ORDERED**.

                                                  RICARDO M. URBINA
                                                  United States District Judge

---

[3] The court highlights an area for the parties' particular focus in their briefing. When a plaintiff claims that a statutory provision is unconstitutionally overbroad, it may assert the legal rights of others if it can "reasonably be expected properly to frame the issues and present them with the necessary adversarial zeal." *Sec'y of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 956 (1984) (permitting third party standing for First Amendment overbreadth claims). However, the plaintiff may only invoke this exception if, *inter alia*, its constitutional interests in challenging the statute are consistent with the constitutional interest of the third party whose rights it seeks to vindicate. *Id.*, 467 U.S. at 958. As currently pled, the court is not confident that the plaintiff can demonstrate a constitutional interest of its own.

[4] If the plaintiff concludes that it in fact lacks standing to raise the constitutional issues raised in its complaint, it may alternatively file a motion to dismiss those claims.