**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| REESE BROTHERS, INC., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-434 (RMU) |
| | : | | |
| v. | : | Document No.: | 24 |
| | : | | |
| UNITED STATES POSTAL SERVICE, | : | | |
| | : | | |
| Defendant/ | : | | |
| Counterclaim Plaintiff, | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| REESE TELESERVICES, INC., and | : | | |
| RESOURCES GROUP, LLC d/b/a | : | | |
| TGR HOLDINGS, INC., | : | | |
| | : | | |
| Counterclaim Defendants. | : | | |

**MEMORANDUM OPINION**

**DENYING THIRD-PARTY DEFENDANT REESE TELESERVICES, INC.'S MOTION TO DISMISS**

## I.    INTRODUCTION

The plaintiff, Reese Brothers, Inc. ("Reese Brothers"), is a for-profit telemarketing company which is no longer in business.  Reese Brothers claims that the United States Postal Service ("USPS" or "Postal Service") improperly required it to pay standard postage rates for mailings associated with its solicitations for donations for its non-profit clients.  The plaintiff brings various constitutional and statutory claims.  Responding to a counterclaim filed by the United States,  Reese Teleservices, Inc. ("Reese Teleservices") filed a motion to dismiss, claiming that the court lacked subject-matter and personal jurisdiction and that the United States failed to state a claim.  Because the court has subject-matter jurisdiction over the United States' counterclaim under the Federal Debt Collection Procedures Act ("FDCPA"), because third-party

defendant Reese Teleservices has sufficient minimum contacts with the United States, and because the USPS has stated a valid claim against it, the court denies Reese Teleservices's motion.

## II.     BACKGROUND

### A.     Factual Background

Reese Brothers is a formerly operating for-profit telemarketing company. Compl. ¶ 9. While in operation, the plaintiff contracted with non-profit entities to provide them with telemarketing solicitation and direct mail consulting services. *Id.* As part of its operation, the plaintiff routinely sent mailings to prospective donors. *Id.* Following an investigation into the plaintiff's business practices in 1998, the United States Postal Service charged the plaintiff with improperly availing itself of discounted postage rates available only to non-profit entities and for-profit entities acting as agents of non-profit entities. *Id.* ¶ 14. Basically, the Postal Service concluded that the contractual arrangement between Reese Brothers and its non-profit clients rendered Reese Brothers ineligible for the discounted postage rates. *Id.* ¶ 16.

In response to Reese Brothers' alleged under-payments (representing the differences between the non-profit postage rate and the standard postage rate), the Postal Service sought a total of $3,600,068.23. *Id.* ¶¶ 14, 20. After a lengthy administrative appeals process, including the plaintiff's request for forbearance, the Postal Service agreed to forgive $1,953,790.28 of the plaintiff's debt, reducing the amount the plaintiff owes to $1,646,277.95. *Id.* ¶ 29 & Ex. I.

2

### B.    Procedural Background

Attempting now to avoid any payment to the Postal Service, the plaintiff brings suit alleging 17 independent causes of action.  The plaintiff's first ten causes of action allege violations of constitutional rights.[1]  Compl. ¶¶ 39-48.  The remaining seven counts allege that the USPS exceeded its statutory authority under the legal theories that the USPS' conduct constitutes *ultra vires*, *id.* ¶ 49, is contrary to Congress' intent, *id.* ¶ 50, and is arbitrary and capricious, *id.* ¶¶ 51-55.

The defendant filed a counterclaim and third-party complaint on June 27, 2006, against Reese Teleservices and TRG Holdings, LLC, seeking to collect the debts incurred by plaintiff Reese Brothers.  In its third-party complaint, the USPS claims that Reese Teleservices is liable for the debts of Reese Brothers because Reese Teleservices "acquired Reese in December of 2002, and is successor in interest[.]"  Third Party Compl. ¶ 53. The USPS brings its third-party complaint under 39 U.S.C. § 2601(a) and 2605, and under the FDCPA, 28 U.S.C. § 3001 *et seq.*  Third-Party Compl. ¶ 2.

In place of an answer to the third-party complaint, Reese Teleservices filed a motion to dismiss on August 16, 2006.  In its motion to dismiss, the Reese Teleservices argues that the court lacks subject-matter jurisdiction and personal jurisdiction and that the third-party complaint

---

[1]    The court, unsure of Reese Brothers's standing to raise the constitutional claims set forth in its complaint, ordered the plaintiff to show cause why the court should not *sua sponte* dismiss these claims.  Mem. Order (Oct. 10, 2006) (relying on *Warth v. Seldin*, 422 U.S. 490, 499 (1975) in doubting the plaintiff's third-party standing to assert the constitutional rights of others).  Fifteen days thereafter, the plaintiff filed its response, arguing that it indeed had standing to raise its claims.  The USPS, on November 13, 2006, filed its response, arguing that the plaintiff lacked standing to raise the constitutional claims.  The court will address this issue in a forthcoming opinion.

3

fails to state a claim.  Third-Party Def.'s Mot. to Dismiss ("Mot.").  The court turns now resolve these matters.

## III.   ANALYSIS

### The Court Denies the Third-Party Defendant's Motion to Dismiss

The third-party defendant raises three distinct arguments in support of its motion to dismiss the third-party complaint.  First, the third-party defendant argues that the court "lacks subject-matter jurisdiction over third-party defendant Reese Teleservices[.]" Mot. at 3.  Next, the third-party defendant claims that the court lacks personal jurisdiction over Reese Teleservices. *Id.* at 4.  Finally, it claims that the third-party complaint fails to state a claim upon which relief can be granted.  *Id.* at 5.  For the reasons that follow, each of the arguments is unpersuasive.

### A.   Subject-Matter Jurisdiction

### 1.   Legal Standard for Dismissal for Lack of Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v.*

4

*Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), *vacated on other grounds*, 542 U.S. 155 (2004).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### 2. The Court Has Subject-Matter Jurisdiction Over the Claims Raised in the Third-Party Complaint

The third-party defendant argues that the court lacks subject-matter jurisdiction over the third-party complaint. Mot. at 3. A careful review of the third-party defendant's motion indicates a fundamental legal folly. Reese Teleservices rests its claim of no subject-matter

jurisdiction on the premise that the court lacks subject-matter jurisdiction "over third-party defendant Reese Teleservices," arguing that the USPS failed to demonstrate that the third-party defendant is a successor in interest to Reese Brothers. *Id.* Federal subject-matter jurisdiction, however, rests not on the identity of the parties, or even on the merits or defenses underlying the case, but rather, on the court's power to entertain the matter. *Akinseye*, 339 F.3d at 971. Accordingly, the court looks to the legal theories upon which the USPS brings its third-party complaint to assess whether the case lies within the limited jurisdiction of a federal district court. *Kokkonen*, 511 U.S. at 377.

The USPS invokes the court's federal question jurisdiction to entertain questions arising under federal law. Third-Party Compl. ¶ 2 (citing 28 U.S.C. § 1331 and 1339). While § 1331 grants original jurisdiction over all federal laws and is, therefore, a catch-all for cases arising under federal legislation, § 1339 accords the court original jurisdiction specifically for cases "arising under any Act of Congress relating to the postal service." 28 U.S.C. § 1339.

In this case, the third-party complaint alleges that Reese Teleservices is liable under the FDCPA, 28 U.S.C. § 3001, Third-Party Compl. ¶ 48-54, which provides the "exclusive civil procedures for the United States . . . to recover a judgment on a debt," 28 U.S.C. § 3001. The third-party defendant, arguing against subject-matter jurisdiction, claims that it is not legally obligated to the debts of Reese Brothers. Mot. at 3. Alas, Reese Teleservices's argument illuminates the fact that the issue of whether and to what extent the FDCPA extends liability to successors in interest lies at the heart of the third-party complaint. *Powell v. McCormack*, 395 U.S. 486, 515 (1969) (noting that federal jurisdiction exists under § 1331 in cases which "depend directly on construction" of the statute or constitutional provision at issue).

Because the USPS's third-party complaint raises questions of law which arise under a statute relating to the Postal Service, this court has subject-matter jurisdiction.  28 U.S.C. § 1339. Accordingly, the third-party defendant's motion to dismiss the third-party complaint for a lack of federal subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is denied.

### B.    Personal Jurisdiction

### 1.    Legal Standard for Personal Jurisdiction

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the burden of establishing a prima facie case that personal jurisdiction exists.  *E.g., Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).  A prima facie case in this context means that the plaintiff must present evidence sufficient to defeat a motion for judgment as a matter of law.  *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990); *Carter v. Duncan-Huggins, Ltd.*, 727 F.2d 1225, 1227 (D.C. Cir. 1984) (indicating, under a differently labeled but similar standard, that such motions should be denied unless "the evidence, together with all inferences that can reasonably be drawn therefrom is so one-sided that reasonable men could not disagree on the verdict").

To determine if a basis for personal jurisdiction exists, the court should resolve factual discrepancies in the complaint and affidavits in favor of the plaintiff.  *Crane v. N.Y. Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990).  However, the court need not treat all of the plaintiff's allegations as true.  *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000); *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000) (stating that courts should not accept bare allegations and conclusory statements).  Moreover, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the

jurisdictional facts." *Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F. Supp. 2d 27, 30 (D.D.C. 2004) (internal quotations omitted).

"To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry." *GTE New Media Servs.*, 199 F.3d at 1347. First, a plaintiff must show that the personal jurisdiction may be grounded in one of the several bases provided by the applicable long-arm statute. *Id.* If no federal long-arm statute applies, the court must look to the local state's long-arm statute. *U.S. v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995).

Second, the Due Process Clause of the Fifth Amendment requires the plaintiff to demonstrate "'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002). It is "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Creighton Ltd. v. Gov't of State of Qatar*, 181 F.3d 118 (D.C. Cir. 1999) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In short, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

## 2.    The Court Has Personal Jurisdiction over the Third-Party Defendant

Addressing personal jurisdiction, the USPS claims that pursuant to the FDCPA's nationwide service of process provision, the court need only determine whether the third-party

defendant has sufficient minimum contacts with the United States. USPS's Opp'n at 3-5.

The USPS cites numerous cases in which courts have held that when a federal statute provides for nationwide service of process, due process requires solely that a defendant have minimum contacts with the United States. *Id.* at 4-5. The court notes that neither the Supreme Court nor the D.C. Circuit have had occasion to rule on this issue. FED. PRAC. & PRO. § 1067.1, at 83-84 (noting that "the Supreme Court never has ruled on the issue or reconciling the minimum contacts doctrine with nationwide service of process authorized by federal statute[.]); *AGS Int'l Serv., S.A. v. Newmont USA Ltd.*, 346 F. Supp. 2d 64, 86 (D.D.C. 2004).

When statutes include congressional authorization of nationwide service of process, several federal courts have ruled that minimum contacts with the United States generally satisfies personal jurisdiction (*i.e.*, to comport with fair play and substantial justice). *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (ruling that "[w]here Congress has spoken by authorizing nationwide service of process . . . the jurisdiction of a federal court need not be confined by the defendant's contacts with the state in which the federal court sit"); *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1414 (9th Cir. 1989) (stating that "[w]here Congress specifically authorizes nationwide service of process, a federal district court's jurisdiction encompasses the boundaries of the United States, and due process requires that a defendant have minimum contacts only with the United States"); *Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F. Supp. 2d 156 (D.D.C. 2003) (ruling that the nationwide service of process provision of the Employee Retirement Income Security Act of 1974 subjected a defendant lacking minimum contacts with the District of Columbia to personal jurisdiction in the District of Columbia because the defendant had sufficient minimum contacts with the United States); *Dooley v. United*

9

*Technologies Corp.*, 786 F. Supp. 2d 65, 71 (D.D.C. 1992) (stating that given a nationwide service of process provision under the Racketeer Influenced and Corrupt Organizations Act, "[m]inimum contacts with the forum state, as required under the traditional long-arm jurisdiction analysis, is not necessary"); *see also, Dent v. Cunningham*, 786 F.2d 173, 175 (3d Cir. 1986) (stating that the federal district courts must consider the local state's long-arm statute unless a federal statute provides for nationwide service of process).

On the flip side, the court in *World Wide Minerals* concluded that a nationwide service of process provision did not constitute an alternative basis for personal jurisdiction. *World Wide Minerals Ltd. v. Republic of Kazakhstahn*, 116 F. Supp. 2d 98, 107-108 (D.D.C. 2000). In that case, the court considered the nationwide service of process provision of the RICO statute. *Id.* The court's ruling turned on a specific provision in the RICO statute which confers personal jurisdiction when the defendants reside, have an agent, or transact affairs in the district. *Id.* at 108 (citing 18 U.S.C. § 1965(a)). The court reasoned that this venue provision constituted a condition precedent to the applicability of the nationwide personal jurisdiction; that is, the nationwide personal jurisdiction provision applied solely "when one of the defendants has minimum contact with the [local] forum." *Id.*

The *World Wide Minerals* court based its decision on *GTE New Media Services*, a case wherein the D.C. Circuit ruled that the Clayton Act, which includes a nationwide service of process provision, did not confer national personal jurisdiction. *GTE New Media Serv.*, 199 F.3d 1343. To the *World Wide Minerals* court, the D.C. Circuit's ruling in *GTE New Media Services* casts doubt on the substitution of nationwide service of process provisions of federal statutes for state long-arm statutes and "suggests that a national contacts test might not apply." *World Wide*

10

*Minerals*, 116 F. Supp. 2d at 108. A careful reading of the Circuit's *GTE New Media Services* opinion, however, belies this conclusion.

The D.C. Circuit's ruling in *GTE New Media Services* concerns Section 12 of the Clayton Act. That section states that

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22. The *GTE New Media Services* court reasoned that "the clause before the semi-colon relates to a supplemental basis for venue in actions under the Clayton Act; the clause after the semi-colon relates to nationwide service of process in antitrust cases." 199 F.3d at 1350. And the court ruled that "invocation of the nationwide service clause rests on satisfying the venue provision." *Id.*

The D.C. Circuit rejected the argument for nationwide personal jurisdiction arising from Section 12 of the Clayton Act because its "plain meaning" requires that nationwide "service is proper only when the action is brought in the district where the defendant resides, is found, or transacts business."[2] *Id*. (*quoting* Herbert Hovenkamp, Personal Jurisdiction and Venue in Private Antitrust Actions in the Federal Courts, 67 Iowa L. Rev. 485, 509 (1982)).

The expanded service of process provisions of both the Clayton Act and the RICO statute

---

[2]    The *GTE New Media* accepted outright the notion that the nationwide service of process provision conferred nationwide jurisdiction, but it solely addressed whether the venue clause must first be satisfied. *GTE New Media Serv., Inc.*, 199F.3d 1343, 1350 (D.C. Cir. 2000) (noting that "[a]lthough both parties agree that the clause regarding nationwide service also confers nationwide jurisdiction, they disagree over whether the venue clause must be satisfied for there to be nationwide personal jurisdiction over defendants in antitrust cases").

11

are contingent on concomitant satisfaction of their venue provision. *Id.*; *World Wide Minerals*, 116 F. Supp. 2d 107-108. As the courts interpreting those statues have ruled, though both statutes allow for nationwide service of process, they still require minimum contacts with the local district. *Id.*

The statute at play in this case, like the Clayton Act and the RICO statute, provides for nationwide service of process. 28 U.S.C. § 3004. But unlike those statutes, the FDCPA's nationwide service of process provision is not contingent upon minimum contacts with the local district. *Id.* Indeed, the FDCPA's nationwide service of process provision indicates that service may be made "in any state." *Id.* § 3004 (b)(1)(A).

To be sure, under the FDCPA, the debtor may within 20 days of service, request a venue transfer "to the district court for the district in which the debtor resides."[3] *Id*., § 3004(b)(2). Operation of its nationwide service of process provision, however, is not contingent on satisfaction of a separate venue provision. Instead, by implication, it suggests that absent a request for transfer, the venue in which the action is brought is appropriate. *Id.* For this reason, the statute at issue in this case, and that at issue in *GTE New Media Services* and *World Wide Minerals*, are distinct.

As previously stated, absent an explicit limitation to the applicability of the nationwide service of process provision, cases are legion concluding that a nationwide service of process provision confers national jurisdiction. *See, e.g., Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1414. The court sees no reason to depart from these cases given the FDCPA's "nationwide

---

[3]    The court notes that Reese Teleservices did not move for a transfer within 20 days of receiving notice of the current action. 28 U.S.C. § 3004.

enforcement" provision. 28 U.S.C. § 3004. Having so concluded, the court must determine whether the third-party defendant has sufficient minimum contacts with the United States so as not to violate "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. This inquiry need not long detain the court. The USPS claims that Reese Teleservices "is a corporation organized under the laws of Pennsylvania, doing business at 925 Penn Avenue, Pittsburgh, PA 15222." Third-Party Compl. ¶ 5. Reese Teleservices makes reference to this allegation in its motion to dismiss not by challenging the factual assertion directly, but in bolstering its argument that Reese Teleservices lacks sufficient contacts with the District of Columbia. At the motion to dismiss phase, the court resolves any factual uncertainties in the non-moving party's favor. *Crane*, 894 F.2d at 456. Because Reese Teleservices fails to challenge this factual assertion, the court deems it conceded. *Fox v. Am. Airlines, Inc.*, 2003 WL 21854800, at *2 (D.D.C. Aug. 5, 2003) (ruling that "when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded"), *aff'd*, 389 F.3d 1291 (D.C. Cir. 2004). Because it is a Pennsylvania corporation doing business in, at minimum, Pennsylvania, Reese Teleservices has sufficient minimum contacts with the United States to justify personal jurisdiction and its motion to dismiss on this basis is denied.

### C.    Failure to State a Claim

#### 1.    Legal Standard for Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which

it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

14

**2.    The Third-Party Defendant Has Not Demonstrated Beyond Doubt that the USPS Cannot Support its Claims Against Reese Teleservices**

The third-party defendant argues that the USPS's complaint fails to state a claim upon which relief can be granted.  Def.'s Mot. at 5-7.  Reese Teleservices supports this assertion by challenging the USPS's claim that the third-party defendant is liable as a "successor-in-interest," for the debts of Reese Brothers.  *Id.*

"Ordinarily*,* a business entity which acquires the assets of another business is not liable for its predecessor's liabilities and debts."  *Bingham v. Goldberg, Marchesano, Kohlman, Inc.*, 637 A.2d 81, 89 (D.C. App. 1994).  A successor corporation is liable, however, if "(1) the buyer expressly or impliedly agrees to assume such debts; or (2) the transaction amounts to a *de facto* merger of the buyer and seller; or (3) the buying corporation is a "mere continuation" of the selling corporation; or (4) the transaction is entered into fraudulently in order to escape liability for such debts."  *Id.*  Here, the USPS claims that "Reese Teleservices continues the operations of Reese including its telemarketing fundraising for nonprofit organizations in the United States."  Third-Party Compl. ¶ 6.  Though the USPS does little to support its assertion that Reese Teleservices continues the operations of Reese, Reese does nothing to undermine or otherwise challenge these assertions.  And even if it did present its own evidence to undermine the Postal Service's assertion, the court would accept the Postal Service's allegation as correct while considering Reese Teleservices's motion.  *Macharia*, 334 F.3d at 67.  "The accepted rule in every type of case" is that a court should not dismiss the complaint for failure to state a claim unless the movant can show beyond doubt that the plaintiff (here USPS) can prove no set of facts in support of its claim that would entitle it to relief.  *Warren*, 353 F.3d 37.  Aside from the third-

15

party defendant's allegations, the court notes the similarity in the names between the underlying

plaintiff and the alleged successor in interest, that both entities share a common mailing address

and that they are engaged in an identical business.  *Compare* Compl. *with* Third-Party Complaint.

In short, Reese Teleservices has not demonstrated beyond doubt that the USPS cannot prove its

claims.  Accordingly, the court denies the third-party defendant's motion to dismiss for failure to

state a claim.

## IV.   CONCLUSION

For the foregoing reasons, the court denies the third-party defendant's motion to dismiss.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued

on this 5th day of March, 2007.

RICARDO M. URBINA<br>
United States District Judge

16