## IN THE UNITED STATES DISTICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REESE BROTHERS, INC.,<br> Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br> Defendant/<br> Counterclaim Plaintiff,<br><br>v.<br>REESE TELESERVICES, INC., and<br>RESOURCES GROUP, LLC d/b/a<br>TRG HOLDINGS, INC.,<br> Counterclaim Defendants. | Civil Action No. 06-CV-00434 (RMU) |

### RULE 26(f)(2) REPORT,
### LOCAL CIVIL RULE 16.3 REPORT,
### DISCOVERY PLAN,
### AND PROPOSED SCHEDULING ORDER

  COMES NOW Plaintiff's counsel and, pursuant to Fed.R.Civ.P. 26(f), Local Civil Rule 16.3, and the Court's Standing Order for Civil Cases ¶ 8, reports as indicated below.  Counsel for Counterclaim Defendant has expressly approved and agreed to the substance of this report, plan, and proposed scheduling order.

  Although Plaintiff's Counsel has a good faith belief that Defendant's Counsel agreed to each aspect of the report, plan, and proposed scheduling order as discussed at the April 25, 2008 conference, Plaintiff's Counsel, despite several requests, has not received express approval or disapproval of this document as subsequently drafted.  Defendant's Counsel has indicated that other matters have prevented her from reviewing and commenting upon this document.

## **Nature of the Case, Identity of the Parties, and Jurisdiction**

Plaintiff RBI was a telemarketing company that provided fundraising services to nonprofits. RBI would telephone donors on behalf of its nonprofit clients and then follow up on those telephone calls with letters posted at the nonprofit rate. In 1998, Defendant USPS claimed that the mail RBI had posted on behalf of its nonprofit clients was not eligible for the nonprofit rate and assessed a $3,600,068.23 postal deficiency. While pursuing an administrative appeal, RBI continued to post mail on behalf of its nonprofit clients at the full postal rate but availed itself of postal regulations allowing for the difference between the nonprofit postage rate and the full postage rate to be tracked in a "deposit arrangement." RBI estimates that $1,510,871.60 in postage was attributed to the deposit arrangement.

Because RBI could no longer post mail for its nonprofit clients at the nonprofit rate, RBI's nonprofit clients sought out other fundraisers. After RBI's business disappeared, it sold its assets to Reese Teleservices in 2002. TRG Holdings, LLC acquired a controlling interest in Reese Teleservices in 2005.

In the Complaint, RBI has alleged that the postal deficiency violated the constitutional rights of its nonprofit clients and that the USPS acted in an arbitrary and capricious manner. RBI is seeking to have the postal deficiency set aside, a refund of the postage paid into the deposit arrangement, and damages for the value of its lost business. The USPS has countersued seeking payment of the postal deficiency from RBI and from counterclaim defendants Reese Teleservices and TRG Holdings, LLC.

This Court has jurisdiction to hear the parties' claims under 28 USC §§ 1331 and 1339 as well as 39 USC § 409(a).

**Discovery Plan and**
**Local Civil Rule 16.3(c) Topics**

Counsel for the parties conferred on April 25, 2008 and discussed the matters listed in Local Civil Rule 16.3(c) and Fed.R.Civ.P. 26(f)(3). Plaintiff's Counsel reports on these matters as follows (with the qualification that Defendant's Counsel has not expressly approved this report as written):

1. Counsel agree that this case is likely to be resolved by dispositive motion once discovery is completed.

2. Counsel agree that factual and legal issues can be agreed upon or narrowed and pledge to work in good faith throughout the discovery process and after completion of discovery to execute a joint stipulation.

3. Counsel oppose assignment of this case to a magistrate judge.

4. Counsel agree that there is a realistic possibility for settlement in this case but the parties are not yet close to such an agreement.

5. Counsel oppose ADR.

6. Counsel agree that this case is likely to be resolved on cross-motions for summary judgment. Counsel have proposed dates for such motions, oppositions, and replies in the accompanying proposed scheduling order.

7. Counsel agree that initial disclosures under Fed.R.Civ.P. 26(a)(1) shall be served no later than June 18, 2008.

8. Counsel have agreed to a proposed discovery scheduling order, which accompanies this report. Plaintiff intends to conduct discovery into the decision-making process behind the assessment of the postal deficiency, the appeals upholding it, and the forebearance decisions regarding it. Plaintiff will seek

disclosure of the postal receipts and spreadsheets used to calculate the deficiency. Defendant will seek information regarding the relationships between RBI and the Counterclaim Defendants.

9. Counsel agree that discovery material will be produced electronically whenever such material is already in electronic format. Spreadsheets will be produced in excel worksheet format with all formulas, formatting, data, cross-references, etc. intact. Documents will be produced in widely accessible electronic formats, including word, wordperfect, or pdf.

10. Counsel agree to modify Fed.R.Civ.P. 33(a)(1) to increase the limit on the number of interrogatories from 25 to 50.

11. Counsel agree to modify Fed.R.Civ.P. 26(a)(2) by exchanging expert witness reports and information as provided in the accompanying proposed scheduling order.

12. Counsel agree that neither trial (if necessary at all) nor discovery should be bifurcated or managed in phases.

13. Counsel agree that a pretrial conference (if one is necessary at all) should be scheduled at the Court's convenience.

14. Counsel agree that a trial date (if one is necessary at all) should be set at the Court's convenience.

**Proposed Dates for Initial Status Conference, if Necessary**

Given that no disputes arose in the discovery planning conference, the Court may feel that an initial status conference is not necessary and that the appended scheduling order may be approved as proposed. However, if the Court feels that an initial status conference is necessary,

Counsel for all parties have identified May 29 and June 11 as dates on which all are available for such a hearing.

## Certification

I certify under penalty of perjury under the laws of the United States of America that the foregoing report and discovery plan and the appended proposed scheduling order has been expressly approved by Counterclaim Defendants' Counsel.  I further certify under penalty of perjury under the laws of the United States of America that the substance of the foregoing report and discovery plan and the appended proposed scheduling was approved by Defendant's Counsel at the April 25, 2008 discovery planning conference; however Defendant's Counsel, citing other pressing matters, has not approved this document as written since that time.

/s/ Charles H. Nave_____     5/9/2008_____
Charles H. Nave, Esq.                Date
Charles H. Nave, P.C.
333 Church Avenue SW
Roanoke VA 24016
D.C. Bar #484501
Telephone: 540 345 8848
Fax: 540 345 8849
Mobile: 540 354 3943
Email: charlie@nave-law.com

IN THE UNITED STATES DISTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REESE BROTHERS, INC.,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br>    Defendant/<br>    Counterclaim Plaintiff,<br><br>v.<br>REESE TELESERVICES, INC., and<br>RESOURCES GROUP, LLC d/b/a<br>TRG HOLDINGS, INC.,<br>    Counterclaim Defendants. | Civil Action No. 06-CV-00434 (RMU) |

**PROPOSED SCHEDULING ORDER**

In order to manage this case in a manner consistent with the highest quality of justice, it is this _____ day of _____, 2008,

**ORDERED** that:

1) All discovery be completed no later than one hundred eighty (180) days from the date of this order, PROVIDED, however, that the discovery period shall be extended by any and all periods equivalent to:

   a) The number of days beyond thirty (30) that it takes a party to serve complete responses to discovery requests made pursuant to Fed.R.Civ.P. 33, 34, or 36.;

   b) The number of days it takes to resolve any discovery dispute, counting, inclusively, from the day the dispute is first brought to the attention of the court until the day the Court makes a final dispositive ruling on said dispute; and

    c) The number of days that Plaintiff's and Defendant's counsel agree upon for any extension;

2) Proponent's Rule 26(a)(2)(B) Statement be filed sixty (60) days after discovery is completed;

3) Opponent's Rule 26(a)(2)(B) Statement be filed one hundred twenty (120) days after discovery is completed;

4) This case be set for an interim status conference at the convenience of the Court;

5) The parties file dispositive motions one hundred fifty (150) days after discovery is completed;

6) The parties file oppositions to dispositive motions thirty (30) days after said dispositive motions are filed;

7) The parties file replies to oppositions to dispositive motions twenty-one (21) days after said oppositions are filed; and it is

**ORDRED** that counsel comply with all directives set forth in this Court's Standing Order issued for this case and posted at www.dcd.uscourts.gov/RMUrbina-page.html.

**SO ORDERED.**

                                                    RICARDO M. URBINA
                                                  United States District Judge